PER CURIAM.
Appellant seeks reversal of an order entered by the trial court denying appellant’s motion to vacate judgment and sentence imposed upon his being found guilty of robbery by a jury.
The crime which the jury ascribed to the appellant was the robbery of Walter’s Five and Ten Store, 303 Broad Street in Jacksonville. During the course of the trial, appellant was identified by two ladies who were working in the store at the time of the robbery. Appellant was one of three men who were thus implicated.
The appellant’s conviction was affirmed by this court on an earlier occasion, Brown v. State, 197 So.2d 853 (1967).
The points asserted in support of appellant’s motion to vacate are without merit. Such matters are not properly within the purview of a motion to vacate judgment and sentence. Devlin v. State, 192 So.2d 786 (Fla.App.1966).
Post-conviction proceedings are generally not a substitute for a timely appeal. Nor do such proceedings have as their purpose a second appeal. There is a significant distinction between the matters which can be considered by an appellate court on a direct appeal and the matters which constitute grounds for relief in post-conviction proceedings under Criminal Rule 1.850 (formerly Criminal Rule 1), 33 Florida Statutes Annotated. Austin v. State, 160 So.2d 730 (Fla.App.1964).
Criminal Rule 1.850 is substantially the same as its federal counterpart, Section 2255, 28 U.S.C.A. The federal cases brought under Section 2255 have adhered to the same distinction between matters which may be considered on direct appeal and those which may be raised in post-conviction proceedings. A representative group of such federal cases are cited in Austin v. State, supra, and are deserving of the attention of those prisoners who prepare their own motions to vacate under Criminal Rule 1.850.
Inasmuch as the matters raised by appellant’s motion are not properly cognizable under the subject rule, the trial judge cor *528 rectly denied the relief sought by appellant and the said order of denial is therefore
Affirmed.
CARROLL, Donald K., Acting C. J., and WIGGINTON and SPECTOR, JJ., concur.