287 So.2d 742 (1974)
Harvey Wayne JOINS, Appellant,
v.
STATE of Florida, Appellee.
No. T-388.
District Court of Appeal of Florida, First District.
January 10, 1974.
*743 Richard W. Ervin, III, Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Carolyn M. Snurkowski, Asst. Atty. Gen., for appellee.
SPECTOR, Judge.
Appellant seeks reversal of a sentencing order entered April 16, 1973, whereunder he was sentenced to serve one year upon conviction of the crime of resisting arrest with violence. Section 843.02, Florida Statutes, F.S.A., provides a maximum penalty upon such conviction of a one-year sentence.
Prior to the imposition of the one-year sentence on April 16, 1973, appellant, on September 18, 1972, having been adjudicated guilty of said offense was sentenced to six-months imprisonment in Duval County Jail. Shortly thereafter on October 13, 1972, said judgment and sentence were vacated and set aside and appellant was placed on probation for two years. Thereafter, appellant experienced another encounter with the law and pled guilty to charges of felony possession of narcotics. That occurred on April 16, 1973, and such conduct constituted a violation of probation. A two-year sentence was imposed on the narcotics charge and, further, a one-year sentence was imposed to run concurrently therewith on the resisting arrest charge.
Appellant now contends it was error not to be given credit for time served in jail on the resisting arrest charge prior to the vacation of his earlier six-month sentence on said charge. We agree and reverse. At the time the one-year sentence was imposed following revocation of probation on April 16, 1973, it was discretionary with the trial judge to grant or withhold credit for time served in jail awaiting trial or sentencing. Accordingly, the trial court's refusal to credit appellant with time served in jail prior to the ultimate sentencing on April 16, 1973, was within the discretion of the trial court. However, during the pendency of this appeal, the Legislature amended Section 921.161(1) by providing that allowance of credit for time served in jail prior to sentencing shall be mandatory. See Chapter 73-71, Laws of Florida, 1973, effective May 29, 1973.
In State v. Lee, Case No. R-452, Opinion filed November 27, 1973, not yet reported, this court held that an appellate court will apply the law which obtains at the time the appeal is decided in determining the correctness of the order or judgment before it. In Lee, supra, we reversed an order vacating a death sentence and imposing a life sentence in lieu thereof and held that since a new death penalty statute had been enacted during the pendency of the appeal therein, it was incumbent upon this court to adjudicate the correctness of the trial court's order vacating the death penalty in light of the law which obtained at the time of the appellate decision. Application of that principle to the case at bar requires a reversal of the order of sentencing reviewed herein with directions that the trial court resentence appellant, giving due credit for the time earlier spent in jail serving the original six-month sentence.
Reversed with directions.
WIGGINTON, Acting C.J. (Retired); and BOYER, J., concur.