291 So.2d 118 (1974)
Gerald Green WRIGHT, Appellant,
v.
STATE of Florida, Appellee.
No. 72-271.
District Court of Appeal of Florida, Second District.
March 1, 1974.
Paul Barnard, St. Petersburg, and Paul C. Scherer and John C. Wolfe, Senior Law Students, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Charles Corces, Jr., Asst. Atty. Gen., Tampa, for appellee.
McNULTY, Judge.
Appellant was tried and convicted by a jury on an information charging breaking and entering of an automobile with intent to commit a misdemeanor therein, to-wit: the theft of a portable radio, as proscribed by § 810.051, F.S. 1971, F.S.A. The trial judge summarily sentenced him as a recidivist pursuant to the provisions of § 775.084, F.S. 1971, F.S.A., and thereby imposed an enhanced term of ten years in the state penitentiary.[1] Appellant now appeals only from the sentence.
First, the pertinent facts. Immediately upon return of the verdict of guilty as charged in the information, the following transpired:
"THE COURT: Record the verdict and discharge the Jury. Approach the bench for sentencing. The Court will accept the Jury's verdict and make an adjudication of guilt. Mr. Gardner, do you or your client have any comments prior to disposition?
MR. GARDNER: Your Honor, I don't have any. Do you have any comments?
MR. WRIGHT: (nodded negatively.)
MR. GARDNER: No, your Honor.

*119 THE COURT: All right. Mr. Gardner, can you or your client show cause why sentence should not be pronounced at this time?
MR. GARDNER: No, your Honor.
THE COURT: All right. The Court will sentence the defendant under Florida Statute 775.084, [F.S.A.], subsequent felony offenders, extended terms. Under Section 1, unless otherwise specifically provided by Statute, the Court may sentence a person who has been convicted of a felony within this State to punishment provided within this section if it finds all of the following: (A) The imposition of sentence under this section is necessary for the protection of the public from further criminal activity by the defendant.
I do have the defendant's criminal record before me. It shows in July of 1968 an auto theft, dismissed. That was July 3 of 1968. July 30th of 1968, auto theft, noll prossed. July 30, 1968, four months County Jail, using without owner's consent. July 14, 1969, sixty days straight, larceny of auto. September 12, 1969, larceny auto, $250.00 or thirty-six days. January 13, 1970, shoplifting, noll prossed. March 13, 1970, shoplifting, $250.00 or ninety days. March 20, 1970, B & E, one year State Prison. March 26, 1970, suspicious person, ninety days straight. And then there are two charges here, one in Savannah, Georgia, one in Portsmouth, Virginia, for auto larceny, no dispositions. Of course, we have this case here today, which speaks for itself.
How old are you, Mr. Wright?
MR. WRIGHT: Twenty-one.
THE COURT: On the prerequisites of this one is that the defendant is over seventeen years of age at the time the sentence is to be imposed under this section.
The defendant has to have been previously convicted of a felony in this state or another qualified offense, which was committed after the defendant's seventeenth birthday. The purpose of this subsection as to term `qualified offense' includes any term in violation of the other state that is punishable under such state at the time of its commission by the defendant by death or imprisonment exceeding one year.
I do have the Court file here before me, File No. 71777 in the Criminal Court of Record of Hillsborough County, Florida, which shows that on June 11, 1970, the defendant Gerald Green Wright pled guilty to breaking and entering with intent to commit a misdemeanor, to-wit: petit larceny, under Florida Statute 810.05, was adjudged guilty and sentenced to one year in the State Prison.
Nextly, that the felony for which the defendant is to be sentenced was committed within five years of the date of the commission of the last prior felony, or other qualified offense, of which he was convicted or within five years of the defendant's release on parole or otherwise, for prison sentence or other commitment imposed as a result of the prior convictions for a felony or other qualified offense, whichever is later.
Obviously the 1970 burglary comes within this section.
Next, that the defendant does not receive a pardon on the ground of innocence of felony or other qualified offense that is necessary for the operation of this offense.
Next, that the conviction of felony or other qualified offense necessary for operation of this section has not been set aside in any post-conviction proceeding.
In conformity with the criteria set forth in the case of felony of third degree, the Court can sentence him to ten years.
Court does find that the imposition of this sentence is for the protection of the *120 public. All right. Mr. Gardner, again, can you or your client show cause why sentence should not be pronounced at this time?
MR. GARDNER: No, your Honor.
THE COURT: It is the judgment, order and sentence of the Court that Gerald Green Wright be confined in the State Prison at Raiford for a period of ten years. Give him credit for all time previously served. Assess a dollar Court Cost. He has a right to appeal and must do so within thirty days. We will stand adjourned."
We think such a summary proceeding is unauthorized under Florida law.
To begin with, prior to 1971 Florida's general recidivist statutes were F.S. §§ 775.09, 775.10 and 775.11, F.S.A.[2] Section 775.09 related to punishment for a second felony conviction, § 775.10 related to fourth offenders, prescribing a life sentence as an habitual criminal, and § 775.11 related to the procedures to be followed in applying the prior two sections. In 1971, however, the legislature enacted § 775.084[3] and, in the same act,[4] expressly repealed §§ 775.09 and 775.10. Moreover, it is clear from such enactment that the new section was intended to be substituted in the stead of the repealed sections and that it was to be the sole general recidivist statute in force. Significantly, however, § 775.11, supra, was not repealed; and it is this section which, as noted, prescribes the procedures to be followed in applying the old sections (§§ 775.09 and 775.10) to which it *121 expressly referred. But since the latter sections were repealed as aforesaid, and § 775.084 enacted clearly in their stead, we can only say that § 775.11, supra, still obtains insofar as the procedures are concerned for the imposition of enhanced punishment in the normal recidivist situation. There can be no other intended legislative purpose of letting § 775.11, supra, stand. Moreover, save for the specific mention of the now repealed §§ 775.09 and 775.10, such section still makes sense if read in para materia with the new § 775.084, supra.
We hold, therefore, that pursuant to § 775.11 aforesaid, which we point out can be utilized only after a sentence or conviction on the last of two or more offenses not committed in a single episode or difficulty,[5] the state if it wishes to punish one as a recidivist is required to file a separate information in the court in which such last conviction was had setting forth the prior convictions upon which the enhanced punishment is to be predicated. Thereafter, upon due notice as in any criminal proceeding, trial by jury shall be had on all issues framed by the defendant's plea thereto. This course obviously was not pursued in this case.
Now we observe here that the procedures under said § 775.11 may well be archaic and cumbersome and that the legislature in the upcoming session may well wish to reconsider its failure in 1971 to repeal that section when it sought to streamline the recidivism concept by enacting § 775.084, supra. On this point we simply allude at this time to Section 5.5 of the American Bar Association's proposed Minimum Standards For Criminal Justice, relating to Sentencing Alternatives and Procedures,[6] and to the excellent commentary thereto in which the disadvantages of the procedures outlined in statutes such as ours are laid bare and alternative suggestions set forth giving due regard to due process considerations.[7]
In the meantime, however, we must adhere to the statute as it now stands. The trial court proceeded otherwise and consequently was in error.
In view of our disposition hereof it is now unnecessary to consider the remainder *122 of the assault on the sentence imposed herein. It must be set aside in any event.
Accordingly, the sentence appealed from is hereby vacated, and the cause is remanded with directions that the trial court cause the appellant to appear before it for the proper imposition of an appropriate sentence under the charge herein but without regard to § 775.084, F.S. 1971, F.S.A., without prejudice, of course, to the state's right subsequently to proceed pursuant to the provisions of § 775.11, F.S. 1971, F.S.A., as it may be advised.
MANN, C.J., and HOBSON, J., concur.
NOTES
[1] The charge is ordinarily punishable as a third degree felony pursuant to § 775.082, F.S. 1971, F.S.A., which prescribes a maximum of five years.
[2] There were, and are, of course, special recidivist statutes relating to specific offenses, e.g., for second and subsequent convictions under the drug abuse laws, § 404.15(2), F.S. 1971, F.S.A., and for a second conviction of larceny, § 811.10, F.S. 1971, F.S.A.
[3] "775.084 Subsequent felony offenders; extended terms. 

(1) Unless otherwise specifically provided by statute, the court may sentence a person who has been convicted of a felony within this state to punishments provided in this section if it finds all the following:
(a) The imposition of sentence under this section is necessary for the protection of the public from further criminal activity by the defendant.
(b) The defendant is over seventeen years of age at the time sentence is to be imposed under this section.
(c) The defendant has previously committed a felony in this state or another qualified offense which was committed after the defendant's seventeenth birthday. For the purpose of this subsection, the term `qualified offense' includes any crime in violation of a law of another state or of the United States that was punishable under the laws of such state or the United States at the time of its commission by the defendant by death or imprisonment exceeding one year.
(d) The felony for which the defendant is to be sentenced was committed within five years of the date of the commission of the last prior felony or other qualified offense of which he was convicted, or within five years of the defendant's release, on parole or otherwise, from a prison sentence or other commitment imposed as a result of a prior conviction for a felony or other qualified offense, whichever is later.
(e) The defendant has not received a pardon on the ground of innocence for any felony or other qualified offense that is necessary for the operation of this section.
(f) A conviction of a felony or other qualified offense necessary to the operation of this section has not been set aside in any post-conviction proceeding.
(2) Under this section a person whose guilt of the commission of a felony under Florida law has been legally established and has been granted probation without an adjudication of guilt and who, during such probationary period, has committed the felony for which he is to be sentenced, shall have the felony for which the probation was granted treated in the same manner as a conviction thereof in the event the probation is not revoked and an adjudication of guilt is not made prior to the imposition of such sentence.
(3) The court, in conformity with the criteria specified in subsection (1), may sentence the convicted felon to the state penitentiary as follows:
(a) In the case of a felony of the first degree, for life;
(b) In the case of a felony of the second degree, for a term of years not exceeding 30;
(c) In the case of a felony of the third degree, for a term of years not exceeding 10.
(4) If the court decides that imposition of sentence under this section is not necessary for the protection of the public, sentence shall be imposed without regard to this section.
(5) A sentence imposed under this section shall not be increased after such imposition."
[4] Laws of Florida 1971, Ch. 71-136.
[5] See, Shargaa v. State (Fla. 1958) 102 So.2d 814.
[6] "5.5 Special requirements.

(a) The sentencing court should be required to obtain and consider a presentence report ... supplemented by a report of the defendant's mental, emotional and physical condition ... prior to the imposition of ... a sentence as an habitual offender... .
(b) The sentencing court should not be authorized to impose a sentence as an habitual offender ... without taking the following additional steps:
(i) Written notice should be served on the defendant and his attorney of the proposed ground on which such a sentence could be based a sufficient time prior to the imposition of sentence so as to allow the preparation of a submission on behalf of the defendant; and
(ii) With the exception of the presentence report and any supplemental reports on the defendant's mental, emotional and physical condition, all of the evidence presented to sustain the proposed grounds on which such a sentence could be based should be presented in open court with full rights of confrontation, cross-examination and representation of counsel. The defendant should be afforded an opportunity to offer opposition to the proposed action; and
(iii) The presentence report and any supplemental reports on the defendant's mental, emotional and physical condition should be disclosed to the prosecution and the defense at least to the extent required by sections 4.4 and 4.5; and
(iv) Each of the findings required as the basis for such a sentence should be found to exist by a preponderance of the evidence, and should be appealable to the extent normally applicable to similar findings; and
(v) If the conviction was by plea, it should affirmatively appear on the record that the plea was entered with knowledge that such a sentence was a possibility. If it does not so appear on the record, the defendant should not be subject to such a sentence unless he is first given an opportunity to withdraw his plea without prejudice."
[7] Concerning due process considerations in these situations see Specht v. Patterson (1967) 386 U.S. 605, 87 S.Ct. 1209, 18 L.Ed.2d 326.