298 So.2d 527 (1974)
Harold Bernard ELLIS, Appellant,
v.
STATE of Florida, Appellee.
No. 73-770.
District Court of Appeal of Florida, Second District.
July 3, 1974.
Rehearing Denied September 5, 1974.
James A. Gardner, Public Defender, and Elliott C. Metcalfe, Jr., Asst. Public Defender, Bradenton, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Robert J. Landry, Asst. Atty. Gen., Tampa, for appellee.
HOBSON, Acting Chief Judge.
Appellant first contends that his sentence is illegal in that he was sentenced twice for the same criminal act or episode. He was sentenced to seven years' imprisonment on each of two counts of an information. Count 1 charged him with accessory after the fact as to the assault on Officer Alexander Joe on October 18, 1971; Count 2 charged him with accessory after the fact as to assault on Officer George Kistner on the same date.
The evidence shows that Officer Kistner was shot with a .22 caliber gun and Officer Joe was shot with a 30-30 rifle. The evidence also shows that appellant concealed both guns. The appellant hid two separate guns used in assaults against two different individuals. The offenses were therefore two separate offenses, even though the assaults were committed during the same criminal episode. Harris v. State, Fla.App.2d 1973, 286 So.2d 32; Trousdale v. State, Fla.App.2d 1974, 287 So.2d 721.
Appellant next contends that he should have been sentenced to only five years, since this was the maximum punishment provided by F.S. § 776.03 F.S.A. at the time he was sentenced. The courts of Florida have long held that the statute in effect at the time of the commission of the crime, rather than at the time of sentencing, is the controlling statute. Raines v. State, 42 Fla. 141, 28 So. 57 (1900); Turner v. State, 1924, 87 Fla. 155, 99 So. 334; Ex parte Browne, 1927, 93 Fla. 332, 111 So. 518; Bazarte v. State, Fla.App.2d 1959, 114 So.2d 500; Sing v. State, Fla. *528 App.1st 1959, 115 So.2d 773; Wood v. Cochran, Fla. 1960, 118 So.2d 193; Collins v. State, Fla.App.4th 1972, 271 So.2d 156.
Affirmed.
McNULTY and GRIMES, JJ., concur.