PER CURIAM.
The appellant was charged by two separate informations with forgery and uttering a forged instrument. He pleaded guilty in each case. He was sentenced to one year in the Dade County jail on the first case and to one year in the Dade County jail on the second case, the sentences to run concurrently. Thereafter, within the sixty-day period allowed for the mitigation of sentence, see Rule 3.800(b), CrPR, 33 F.S.A. the trial court mitigated defendant’s sentences to the days already served in jail and two years probation.
Subsequently, appellant was found guilty of violation of his probation, which proba *670 tion was revoked, whereupon he was sentenced to three years in the state penitentiary. Defendant was given credit for the time served in the Dade County jail prior to sentencing.
On this appeal, a single point is presented urging that the trial court erred in revoking defendant’s probation because the probationary sentence was a nullity. It is urged that the sentence imposed on mitigation was improper because it violated the rules for sentencing set forth in Williams v. State, Fla.App. 1973, 280 So.2d 518.
We hold that the point is without merit inasmuch as the sentence to the ninety-nine days served in jail prior to the modification was simply the time already served. See Joins v. State, Fla.App. 1974, 287 So.2d 742.
Affirmed.