300 So.2d 299 (1974)
Raymond Joseph GALLAGHER, Appellant,
v.
STATE of Florida, Appellee.
No. 74-638.
District Court of Appeal of Florida, Fourth District.
September 20, 1974.
*300 Raymond Joseph Gallagher, in pro. per.
Robert L. Shevin, Atty. Gen., Tallahassee, and C. Marie Bernard, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
Appellant was adjudged guilty of a crime and sentenced to the maximum term of imprisonment provided by law. He had spent time in jail prior thereto and so moved the trial court for credit for his presentence jail time, which motion was denied. He appeals. We reverse.
Subsequent to the trial court denial F.S. 921.161(1) (1973) was enacted. Different from the prior law allowing the trial court discretion, it provided mandatory credit for jail time served prior to sentencing. Applying the law which obtains at the time of the appeal, we reverse with respectful directions to re-sentence the appellant in accordance with the mentioned statute. See Joins v. State, 287 So.2d 742 (2d D.C.A.Fla. 1973).
On another tack, we would agree with the observation contained in the State's brief:
"Since Appellant received the statutory maximum sentence allowable of five years, Williams v. Illinois, 399 U.S. 235, 26 L.Ed.2d 586, 90 S.Ct. 2018 (1970), might afford Appellant the relief he seeks if he were to establish that the period of time he spent in jail prior to sentencing was due solely to his inability to meet bond."
Reversed and remanded for proceedings consistent herewith.
Reversed and remanded.
OWEN, C.J., and WALDEN and MAGER, JJ., concur.