306 So.2d 600 (1975)
Julius HAMILTON, Appellant,
v.
STATE of Florida, Appellee.
No. 74-823.
District Court of Appeal of Florida, Second District.
January 29, 1975.
*601 James A. Gardner, Public Defender, Sarasota, Harold H. Moore, Asst. Public Defender, and Steven H. Denman, Legal Intern, Bradenton, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Charles Corces, Jr., Asst. Atty. Gen., Tampa, for appellee.
BOARDMAN, Judge.
Appellant, Julius Hamilton, seeks reversal of judgments and sentences imposed upon him pursuant to his guilty pleas to the charges of robbery, in this Baggett[1] appeal. On March 5, 1971, the trial judge sentenced appellant to serve concurrent thirty-year terms in state prison without credit for time previously spent in jail awaiting trial.
We have considered the complete record, applicable statutory authority and decisional law and find that appellant has not demonstrated reversible error.
We are convinced after a study of the colloquy of the hearing at the time appellant pled guilty to the offense with which he had been charged that he did so upon advice of counsel and that the said plea was knowingly, intelligently and understandingly made by him. His contention to the contrary is without merit.
The other point raised by appellant on appeal does have merit. It concerns the matter of his reduction of sentence. We find that Chapter 73-71, Laws of Florida, 1973, amending Florida Statutes, Section 921.161(1), became effective after the trial judge sentenced the appellant. Under these circumstances, the applicable Florida law dictates that this court apply the law applicable at the time the appeal was decided. See Hollingshead v. State, Fla.App. 1st, 1974, 292 So.2d 617, and Joins v. State, Fla.App.1st, 1974, 287 So.2d 742, cited therein.
Accordingly, we remand this case for the sole purpose of permitting the trial court to correct the sentences pursuant to the statute, supra, in which it is required that the appellant be given credit for time spent in jail awaiting trial. It is pointed out the judgments and sentences entered by the trial court on March 5, 1971, were consistent and in accordance with existing law. The judgments and sentences are affirmed and the case remanded with directions to the trial court to reduce the sentences as indicated herein. This action *602 may be taken by the trial court without the appellant appearing before the court.
Affirmed and remanded for reduction of sentences.
McNULTY, C.J., and HOBSON, J., concur.
NOTES
[1] Baggett v. Wainwright, Fla. 1969, 229 So.2d 239.