310 So.2d 376 (1975)
Joel Peter HEILMANN, Appellant,
v.
STATE of Florida, Appellee.
No. 74-440.
District Court of Appeal of Florida, Second District.
April 2, 1975.
*377 James A. Gardner, Public Defender, Sarasota, and Catherine Wings Slocum, Sp. Asst. Public Defender, Bradenton, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Richard C. Booth, Asst. Atty. Gen., Tampa, for appellee.
HOBSON, Judge.
Chapter 73-71, Laws of Florida, amended § 921.161(1) to require that a defendant be given credit for time served in county jail prior to imposition of sentence. It became effective after Heilman was sentenced but before his time for appeal expired. He did not appeal, but more than a year later made this 3.850 motion[1] asserting the statutes application. Ruling that, at the time appellant was sentenced, credit for time served rested in the sentencing court's discretion, the trial court denied the motion and Heilman appealed. We affirm.
While statutory changes in law are normally presumed to apply prospectively,[2] procedural or remedial changes may be immediately applied to pending cases,[3] including in some instances cases pending on direct appeal.[4] Thus, the courts have applied Fla. Stat. § 921.161(1), as amended, to cases on direct appeal even though the change became effective after imposition of sentence by the trial court. Hamilton v. State, Fla.App.2d 1975, 306 So.2d 600; Hollingshead v. State, Fla.App. 1st 1974, 292 So.2d 617; Joins v. State, Fla.App.1st 1974, 287 So.2d 742; Gallagher v. State, Fla.App.4th 1974, 300 So.2d 299.
A rule 3.850 proceeding, however, is a collateral proceeding, independent of the original prosecution. Courts have long recognized that such collateral remedies are no substitute for a direct appeal. E.g., Brown v. State, Fla.App.1st 1969, 227 So.2d 527. Where, as here, the sentence is legal when imposed and no direct appeal is taken, the case is no longer "pending" for purposes of applying a statutory change in procedures or remedies. To hold otherwise would seriously undermine the judicial systems interest in preserving the finality and integrity of its judgments.
Affirmed.
McNULTY, C.J., and GRIMES, J., concur.
NOTES
[1] Heilman's pro se petition for habeas corpus was properly treated by the trial court as a motion to vacate under RCrP 3.850.
[2] Keystone Water Company v. Bevis, Fla. 1973, 278 So.2d 606. Board of Trustees v. Medeira Beach Nominee, Fla.App.2d 1973, 272 So.2d 209. Criminal statutes are also governed by Fla. Const. Art. X, § 9. See, Turner v. State, 1924, 87 Fla. 155, 99 So. 334. See, also Ellis v. State, Fla.App.2d 1974, 298 So.2d 527 and cases cited therein.
[3] See, e.g., Ratner v. Hensley, Fla.App.3d 1974, 303 So.2d 41. See, also, Lee v. State, 1937, 128 Fla. 319, 174 So. 589. Mathis v. State, 1893, 31 Fla. 291, 12 So. 681. Ex parte Pells, 1891, 28 Fla. 67, 9 So. 833.
[4] General Capital Corp. v. Tel. Service Co., Fla.App.2d 1966, 183 So.2d 1. For disposition of the appeal after remand see Tel. Service Co. v. General Capital Corp., Fla. App.2d 1968, 212 So.2d 369 affirmed Fla. 1969, 227 So.2d 667.