311 So.2d 787 (1975)
George Leon COLLINS, Petitioner,
v.
Louie L. WAINWRIGHT, Director, Division of Corrections, State of Florida, Respondent.
No. 73-1333.
District Court of Appeal of Florida, Fourth District.
April 11, 1975.
Rehearing Denied May 6, 1975.
*788 Richard L. Jorandby, Public Defender, and Lois J. Frankel, Asst. Public Defender, West Palm Beach, for petitioner.
Robert L. Shevin, Atty. Gen., Tallahassee, and Robert B. Breisblatt, Asst. Atty. Gen., West Palm Beach, for respondent.
DOWNEY, Judge.
Appellant was charged with robbery. He filed a motion to suppress a statement taken by the police on the ground that it was not freely and voluntarily given. At a hearing on said motion a police officer testified he had been present when appellant made the statement; that appellant had been fully warned of his constitutional rights and had signed the statement; and that no promises were made to appellant to induce the statement. Appellant testified that he was already in jail on other felony charges when two officers interrogated him. He stated they advised him they were aware of the other charges. They then assured him that if he cooperated and gave them a statement admitting his complicity in the robbery under consideration, they would help him with the judge as they often did by some hand signals telling the judge the accused had been cooperative. Appellant denied he was involved in the instant robbery and said he signed the statement solely because he was led to believe things would go easier for him if he did so. At the conclusion of the hearing on the motion to suppress the trial judge stated: "I'm going to deny the motion to suppress."
Appellant suggests error in the failure of the trial court to find with unmistakable clarity on the record that the statement was voluntary, and in sentencing appellant without a presentence investigation as required by Rule 3.710, RCrP.
Appellant was convicted and sentenced in November 1971, at which time there was no rule requiring a presentence investigation. Rule 3.710, RCrP, became effective February 1, 1973 (272 So.2d 65). Appellant suggests that we should apply the rule as it exists at the time of the appeal, citing as analogous authority our decision in Gallagher v. State, Fla.App. 1974, 300 So.2d 299. See also Joins v. State, Fla.App. 1974, 287 So.2d 742. We accept appellant's suggestion. Accordingly, while the sentencing procedure adopted by the *789 trial judge was appropriate at the time, its appropriateness has been changed by a change in the law between the conviction and sentence and the appearance of the cause before this court. The rule applicable to this cause now requires that on this record a presentence investigation must be considered prior to imposition of sentence, since that record does not demonstrate that appellant had ever been convicted of a prior felony.
We believe appellant's other point contending that the facts of this case required the trial court to enter a finding of voluntariness with unmistakable clarity also has merit. McDole v. State, Fla. 1973, 283 So.2d 553. After McDole the Supreme Court decided Wilson v. State, Fla. 1974, 304 So.2d 119, and the First District Court of Appeal decided Bunch v. State, Fla. App. 1974, 303 So.2d 705. Those cases seem to hold that when an appellant does not charge coercion in obtaining the statement he attacks on appeal, if an examination of the entire record discloses that the trial court had in fact determined the statement was voluntary (but had not made an express finding of voluntariness on the record) reversible error was not shown. Here, appellant contends his statement was not true; that he gave the statement because the officers promised to help him if he cooperated and gave such a statement. Coercion that vitiates a confession can be mental as well as physical and the question is whether the accused was deprived of his free choice. Garrity v. New Jersey, 385 U.S. 493, 87 S.Ct. 616, 17 L.Ed.2d 562. As stated in Bram v. United States, 168 U.S. 532, 18 S.Ct. 183, 42 L.Ed. 568 (1897):
"A confession can never be received in evidence where the prisoner has been influenced by any threat or promise; for the law cannot measure the force of the influence used, or decide upon its effect upon the mind of the prisoner... ."
We therefore conclude that appellant has here made a contention of coercion which requires application of the McDole rule and necessitates an express finding on the record by the trial judge that the statement was made voluntarily. Danahey v. State, Fla.App. 1974, 298 So.2d 444.
In view of the foregoing, the judgment and sentence is reversed and the cause is remanded with directions that  based upon the record already made before him  the trial judge make an express finding as to whether the statement was voluntary or not. If he expressly finds the statement was voluntarily given then he should obtain a presentence investigation before resentencing appellant unless competent evidence can be adduced that appellant had been convicted of a felony prior to the original sentencing in this case. If he finds the statement was involuntary, then he must grant the appellant a new trial.
Reversed and remanded.
WALDEN and CROSS, JJ., concur.