McCORD, Judge.
On November IS, 1972, appellant was convicted of unlawful possession of a firearm by a convicted felon and was sentenced to six years imprisonment. He filed a motion for new trial on November 25, 1972, upon which a hearing was held and an order denying same was inadvertently styled in a different case number and erroneously filed. It subsequently came to the court’s attention that appellant’s right to appeal had been denied because of such error and the court then entered an order on November 19, 1974, denying the motion for new trial, which order was properly filed on that date. This appeal is from the judgment and conviction and the denial of the motion for new trial entered on November 19, 1974.
Appellant contends that he is entitled to credit on his six year sentence for the time he was held in the county jail on the charge prior to sentence. At the time of sentence, there was no statutory requirement that jail time credit be given on a *524 sentence. Subsequently, § 921.161(1), Florida Statutes, was amended by Ch. 73-71, Laws of Florida, which requires that such credit be given. We previously held in Joins v. State, Fla.App. (1st), 287 So.2d 742 and Hollingshead v. State, Fla.App. (1st), 292 So.2d 617, that an appellate court will apply the law which obtains at the time the appeal is decided in determining the correctness of the order or judgment before it and remanded those cases to the trial court with directions to give jail time credit. Therefore, the order of sentencing is reversed with directions that the trial court resentence appellant giving due credit for the time earlier spent in jail, or the trial court may enter an order reducing the sentence without calling the defendant back before the court.
Reversed with directions.
RAWLS, Acting C. J., and SMITH, J., concur.