321 So.2d 464 (1975)
Willie Espel McSHAY, Appellant,
v.
STATE of Florida, Appellee.
No. 75-86.
District Court of Appeal of Florida, Fourth District.
October 10, 1975.
Rehearing Denied November 26, 1975.
Richard L. Jorandby, Public Defender, and Bruce Zeidel, Asst. Public Defender, West Palm Beach, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Anthony J. Golden, Asst. Atty. Gen., West Palm Beach, for appellee.
WALDEN, Chief Judge.
The trial court sentenced appellant as a recidivist under Fla. Stat. § 775.084 (1971). The court did not follow the procedures outlined in Fla. Stat. § 775.11 (1975), which required the filing of a separate information accusing the alleged recidivist of his former violations, to support the sentencing as a recidivist. In Wright v. State, 291 So.2d 118 (Fla.App.2nd 1974) the court held that the formalities of § 775.11 must be followed. That court reversed for resentencing, without prejudice to the state to proceed under § 775.11.
However, § 775.11 has been repealed, perhaps in response to the suggestion of the Wright court:
"That the procedures under said § 775.11 may well be archaic and cumbersome and that the legislature in the upcoming session may well wish to reconsider its failure in 1971 to repeal that section when it sought to streamline the recidivism concept by enacting § 775.084, ..." Id. at 121.
In Hamilton v. State, 306 So.2d 600 (Fla. App.2nd 1975), a statute was enacted (after appellant was sentenced), which required a convicted person to be given credit on his or her sentence for time spent in jail awaiting trial. The Hamilton court stated:
"Under these circumstances, the applicable Florida law dictates that this court apply the law applicable at the time the appeal was decided. See Hollingshead v. State, Fla.App.1st, 1974, 292 So.2d 617, and Joins v. State, Fla.App.1st, 1974, 287 So.2d 742, cited therein." Id. at 601.
But see Ellis v. State, 298 So.2d 527 (Fla. App.2nd 1974), in which the statute at the time of sentencing provided for a lesser term than its predecessor  in force at the time of the commission of the crime. The Ellis court said:
"The courts of Florida have long held that the statute in effect at the time of the commission of the crime, rather than at the time of sentencing, is the controlling statute." Id. at 527.
*465 In Heilmann v. State, 310 So.2d 376 (Fla. App.2nd 1975) the court explained the distinction in the different methods of applying statutory revisions:
"While statutory changes in law are normally presumed to apply prospectively, procedural or remedial changes may be immediately applied to pending cases, including in some instances cases pending on direct appeal. Thus, the courts have applied Fla. Stat. § 921.161(1), as amended, to cases on direct appeal even though the change became effective after imposition of sentence by the trial court." Id. at 377.
The application of a revision in court rules (enacted after sentencing and dealing with procedure) to a case on appeal has been considered by this court, and decided in accord with Heilmann. Collins v. Wainwright, 311 So.2d 787 (Fla.App.4th 1975). The Collins court stated:
"Appellant was convicted and sentenced in November 1971, at which time there was no rule requiring a presentence investigation. Rule 3.710, RCrP, became effective February 1, 1973 (272 So.2d 65). Appellant suggests that we should apply the rule as it exists at the time of the appeal, citing as analogous authority our decision in Gallagher v. State, Fla.App. 1974, 300 So.2d 299. See also Joins v. State, Fla.App. 1974, 287 So.2d 742. We accept appellant's suggestion. Accordingly, while the sentencing procedure adopted by the trial judge was appropriate at the time, its appropriateness has been changed by a change in the law between the conviction and sentence and the appearance of the cause before this court. The rule applicable to this cause now requires that on this record a presentence investigation must be considered prior to imposition of sentence, since that record does not demonstrate that appellant had ever been convicted of a prior felony." Id. at 788-789.
See also, Sharp v. State, 303 So.2d 56 (Fla.App.4th 1974); contra, Andrews v. State, 316 So.2d 296 (Fla.App.1st 1975). We hold that although the trial court failed to follow the requirements of Fla. Stat. § 775.11, the failure is not reversible error as Fla. Stat. § 775.11 has since been repealed.
Affirmed.
OWEN and MAGER, JJ., concur.