PER CURIAM.
This appeal is from an order of the Circuit Court for Alachua County denying, after an evidentiary hearing, a motion filed March 7, 1979, to vacate a judgment and 30-year sentence entered in 1975 based on a plea of nolo contendere to a charge of sexual battery under § 794.011, F.S.
The order finds:
Defendant appeared before the Court on November 17,1975, and withdrew his previously entered plea of not guilty in case 75-528-CF and plead nolo contendere to sexual battery as charged in Count 2 of the information. The Court at that time received written forms signed by the Defendant and counsel, all of which were filed in the case and are a part of the record which substantially set forth the voluntariness of the plea. Before accepting the plea, the Court inquired and determined from the state and defense counsel that there was a sufficient factual basis to support the plea. In addition, the Court advised the Defendant that if the Court should accept the plea there remained nothing further to do except to impose sentence and advised him that the sentence could be a maximum term of life imprisonment. The Court specifically asked the Defendant if he understood the above, and the Defendant replied, “Yes, sir.” Thereafter the Court conditionally accepted the plea and requested a presen-tence investigation. . . . Before sentencing, the Defendant was . informed that a life felony was involved, the penalty for which could result in imprisonment for life or for a term of not less than 30 years should the Court sentence him.
Appellant concedes that the procedure followed by the trial court may have been legally adequate at the time of the 1975 hearing, when the applicable rule required the court to determine “that the circumstances surrounding the plea reflect a full understanding of the significance of the plea and its voluntariness.” (e. s.) Fla.R. Crim.P. 3.170(j). However, a subsequent change in the rule now requires a specific determination that the defendant understands “the mandatory minimum penalty provided by law.” (e. s.) Fla.R.Crim.P. *1293 3.172(c)(i). This revision is contained in amendments which by their express provision “shall govern all proceedings within their scope after . . . July 1,1977” (e. s.), and has been applied upon collateral attack involving convictions obtained after that date. Wilson v. State, 378 So.2d 1258 (Fla. 1st DCA 1979). In the present case appellant was sentenced more than two years before the 1977 amendments. While certain changes effective during the pend-ency of a direct appeal have been given retroactive application in limited circumstances (Hunt v. State, 318 So.2d 523 (Fla. 1st DCA 1975), and Collins v. Wainwright, 311 So.2d 787 (Fla. 4th DCA 1975)), such application has been denied when the issue is raised by collateral proceeding. Heilmann v. State, 310 So.2d 376 (Fla. 2d DCA 1975); Gay v. State, 330 So.2d 162 (Fla. 1st DCA 1976). We conclude that the order appealed here accurately holds that the applicable standards were met at the 1975 hearing in this case, and we find no merit in appellant’s contention that later amendment requires reversal.
In addition the order appealed properly notes a distinction between the statutory provision for a minimum term of sentence which was involved in the present case, and the specific reference in the cited rule to a penalty which is both minimum and mandatory:
Both present counsel and former counsel cite Norris v. State, 343 So.2d 964 (1st DCA 1977) which the Court finds does not apply in this case. That case involved a mandatory minimum sentence which required the defendant to serve three calendar years before being eligible for parole or statutory gain time. This case involves no mandatory minimum term. The penalty for the crime to which this Defendant plead guilty is a sentence for a term of life or not less than 30 years and is not a mandatory minimum sentence. The probability of probation existed in this case. Again defense counsel were in error when they suggested that Defendant could not receive probation. The offense to which the Defendant plead in this case is not one which would have prohibited the Court from withholding adjudication and placing the Defendant on probation since it did not involve the use of •a firearm.
The order is accordingly affirmed.
LARRY G. SMITH, SHAW and WENT-WORTH, JJ., concur.