383 So.2d 674 (1980)
Derrick Lamont ALLEN, Appellant,
v.
STATE of Florida, Appellee.
No. 78-2299/T4-266.
District Court of Appeal of Florida, Fifth District.
April 16, 1980.
Rehearing Denied May 23, 1980.
*675 Richard L. Jorandby, Public Defender, and Cherry Grant, Asst. Public Defender, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Phillip D. Havens, Asst. Atty. Gen., Daytona Beach, for appellee.
ORFINGER, Judge.
Appellant appeals a sentence of imprisonment for ten years imposed by the trial court, consequent upon a finding of probation violation and the judgment revoking probation.
On July 20, 1976, appellant was convicted of a second degree felony and was placed on probation for fifteen years. On October 23, 1978, his probation was revoked based on a warrant issued on September 22, 1978, and alleging violations of probation occurring prior to that date. After revoking appellant's probation, the court sentenced him to imprisonment for ten years. Appellant was seventeen years old when the crime was committed and was nineteen years old when his probation was revoked. He contends that the Florida Youthful Offender Act, Sec. 958.011, et seq., Fla. Stat. (1978) controls his sentencing and that the ten year sentence was contrary to law.
The Youthful Offender Act became effective October 1, 1978.[1] After identifying youthful offenders, it provides for punishment of those offenders "... in lieu of other criminal penalties authorized by law ..."[2] The maximum term of imprisonment for the commission of a second degree felony at the time of appellant's conviction was fifteen years. It is clear that the statute in effect at the time an offense is committed controls the maximum penalty at sentencing. Ellis v. State, 298 So.2d 527 (Fla. 2d DCA 1974). It is also clear that if the Legislature, in enacting the Youthful Offender Act had purported to make its maximum punishment provisions apply retroactively to crimes committed prior to its effective date, it would have been unconstitutional. Article X, Section 9, Florida Constitution;[3]Castle v. State, 330 So.2d 10 (Fla. 1976).
This statute is not, as suggested by appellant, merely procedural so as to give it immediate effect, and reliance on cases such as Collins v. Wainright, 311 So.2d 787 (Fla. 4th DCA 1975)[4] or Johnson v. State, 371 So.2d 556 (Fla. 2d DCA 1979)[5] is misplaced. *676 In those situations the statutory directives prescribed a procedure to be followed prior to or at sentencing, but did not affect the ultimate punishment. Here the statute limits the maximum punishment for those persons who fall within its definitions, and as such it cannot be applied retroactively.
Appellant further raises the point that at the conclusion of the revocation hearing the trial judge announced that he was not satisfied that a violation of condition (11) of the probation order had occurred, yet the written order revoking his probation recites that appellant violated condition (11), in addition to those other allegations which the trial judge had found to be sustained. The order must be corrected to eliminate condition (11) as a violation.
The order is remanded for correction to eliminate condition (11) as a violation, but is otherwise affirmed. Appellant need not be present for that purpose.
AFFIRMED and REMANDED FOR CORRECTION.
COBB and UPCHURCH, JJ., concur.
NOTES
[1] 958.04 Eligibility for youthful offender; classification.

(1) The court may classify as a youthful offender any person:
(a) Who is at least 18 years of age or who has been transferred for prosecution to the criminal division of the circuit court pursuant to chapter 39;
(b) Who is found guilty of or who has tendered, and the court has accepted, a plea of nolo contendere or guilty to a crime which is, under the laws of this state, a felony of the first, second, or third degree if such crime was committed before the defendant's 21st birthday; and
(c) Who has not previously been classified a youthful offender under the provisions of this act; however, no person who has been found guilty of a capital or life felony may be classified a youthful offender under this act.
[2] 958.05 Judicial disposition of youthful offenders. If the court classifies a person a youthful offender, in lieu of other criminal penalties authorized by law, the court shall dispose of the criminal case as follows:

.....
(2) The court may commit the youthful offender to the custody of the department for a period not to exceed 6 years. The sentence of the court shall specify a period of not more than the first 4 years to be served by imprisonment and a period of not more than 2 years to be served in a community control program. The defendant shall serve the sentence of the court unless sooner released as provided by law.
[3] Art. X, Sec. 9: Repeal or amendment of a criminal statute shall not affect prosecution or punishment for any crime previously committed. (Emphasis added.)
[4] Where presentence investigation report was required after enactment of Rule 3.710, Fla.R. Crim.P., even though offense was committed prior to its enactment.
[5] Where the court was required to follow the procedure outlined in Sec. 39.111(6), Fla. Stat. (1978 Supp.) in sentencing, where applicable.