383 So.2d 762 (1980)
STATE of Florida, Appellant,
v.
Eldridge PIZARRO, Appellee.
No. 78-2793.
District Court of Appeal of Florida, Fourth District.
May 14, 1980.
Jim Smith, Atty. Gen., Tallahassee, and Paul H. Zacks, Asst. Atty. Gen., West Palm Beach, for appellant.
*763 Richard L. Jorandby, Public Defender, and Cherry Grant, Asst. Public Defender, West Palm Beach, for appellee.

ON PETITION FOR REHEARING
BERANEK, Judge.
After further considering the record, briefs, and reargument of counsel, we grant the State of Florida's motion for rehearing and withdraw our opinion issued on January 23, 1980.
The trial court sentenced defendant on December 1, 1978, pursuant to the Youthful Offender Act contained in Sections 958.011 through 958.15, Florida Statutes (Supp. 1978). The State appealed, contesting the trial court's application of the Act to crimes committed prior to its effective date of October 1, 1978. Alternatively, the State argues that if the Act is retroactive, its application is discretionary.
Florida law provides that the punishment in effect at the time of the crime controls the penalty at sentencing. Castle v. State, 305 So.2d 794 (Fla. 4th DCA 1975), affirmed, 330 So.2d 10 (Fla. 1976). In fact, retroactive application of an amended or repealed statute affecting prosecution or punishment is unconstitutional. Article X, Section 9, Florida Constitution. Only procedural or remedial statutory changes may be applied to pending cases. McShay v. State, 321 So.2d 464 (Fla. 4th DCA 1975). Since the Youthful Offender Act alters the prescribed punishments for those persons meeting its requirements, it cannot apply to offenses committed prior to its effective date. See Ellis v. State, 298 So.2d 527 (Fla. 2d DCA 1974); Allen v. State, 383 So.2d 674 (Fla. 5th DCA Case No. 78-2299/T4-266, opinion filed April 16, 1980).
In view of the foregoing, it is unnecessary to reach the question of whether the Act is discretionary or mandatory under the particular facts of this case.
Accordingly, the sentence appealed from is vacated and the cause remanded with directions to resentence defendant.
REVERSED AND REMANDED.
MOORE and HURLEY, JJ., concur.