OTT, Judge.
It is now settled in this state that the results of a chemical test for the pres *1238 ence of alcohol in the blood of a suspect, administered under section 322.261(l)(a), Florida Statutes (1975), are admissible into evidence if the suspect consented to the test. Such consent may be express or implied, but an implied consent affirmatively withdrawn before the test is administered is insufficient. Sambrine v. State, 386 So.2d 546 (Fla.1980).
In the instant case appellee freely consented to a blood test following a vehicle accident. The results of that test were therefore admissible in this personal injury action unless barred by section 316.066(4), Florida Statutes (1971) (formerly section 317.171). Under that statute the results of a lawful blood alcohol test are inadmissible only if the test was ordered for the purpose of preparing, and the results thereof formed a basis for, the traffic accident report required by section 316.066(3). State v. Mitchell, 245 So.2d 618, 623[3, 4] (Fla.1971).
Under the evidence presented to the trial court it is quite clear that the blood alcohol test was made and its results obtained solely in connection with possible criminal charges. The investigating officer affirmatively testified that neither the test nor its results were necessary to his accident report, albeit they were appended thereto as a subsequent supplement.
We therefore REVERSE the summary judgment of the trial court and REMAND for further proceedings.
SCHEB, C. J., and BOARDMAN, J., concur.