412 So.2d 54 (1982)
William Henry LAZARUS, Appellant,
v.
STATE of Florida, Appellee.
No. 82-356.
District Court of Appeal of Florida, Fifth District.
April 7, 1982.
William Henry Lazarus, in pro per.
COBB, Judge.
The appellant, defendant below, pled guilty to the crime of burglary and in July, 1978, was sentenced to a prison term of seven years under section 775.084, Florida Statutes (1977), as an habitual offender. He did not appeal therefrom, but he did file a 3.850 motion in September, 1981, attacking his seven-year sentence on the basis that he "did not receive a separate hearing as required by law before being sentenced as a recidivist." This motion was summarily denied by order of the trial court dated February 23, 1981, and Lazarus now appeals that order.
The argument advanced by appellant is that he could not be sentenced as a recidivist in the absence of a separate information filed by the state subsequent to the burglary conviction. His reliance upon Wright v. State, 291 So.2d 118 (Fla. 2d DCA 1974), and section 775.11, Florida Statutes (1973) (which Wright relied upon), is misplaced for the simple reason that the latter statute was repealed by Ch. 74-383, § 66, Laws of Fla.
In the absence of the repealed statute, the attack raised here by the appellant is not the proper subject matter of a post-conviction motion to vacate under Florida Rule of Criminal Procedure 3.850. The trial court clearly had jurisdiction to impose an enhanced sentence, and the argument that the procedure by which it did so was procedurally defective in some manner is an issue which could have been raised on direct appeal. A motion to vacate a sentence cannot be used as a substitute for an appeal, and denial of the motion was proper. Thompson v. State, 410 So.2d 500 (Fla. February *55 11, 1982) [1982 FLW 85]; Goode v. State, 403 So.2d 931 (Fla. 1981); Meeks v. State, 382 So.2d 673 (Fla. 1980).
AFFIRMED.
FRANK D. UPCHURCH, Jr. and COWART, JJ., concur.