## SKIPPER v STATE OF FLORIDA
## Case No. CJAP 82-64
Ninth Judicial Circuit, Orange County
July 14, 1983

### APPEARANCES OF COUNSEL

**W. Ford Duane** for appellant.

**Tom Vaughan**, Assistant State Attorney, for appellee.

### OPINION OF THE COURT

LAWRENCE R. KIRKWOOD, Circuit Judge.

ORAL ARGUMENT is dispensed with on the Court's own Motion pursuant to Rule 9.320, Fla.R. of App.P.

Upon reviewing the briefs and record on appeal, I find that Appellant has failed to demonstrate any reversible error.

*STATEMENTS OF FACTS*:

1. On November 14, 1981, the Defendant, WILLIE EARL SKIP-

PER, was involved in a two vehicle accident on State Road 435 in the vicinity of Summit Avenue.

2. As a result of said accident, the Defendant, WILLIE EARL SKIPPER, was taken to Florida Hospital, in Apopka, Florida, for treatment of injuries sustained in the accident.

3. While in the emergency room of the hospital, the Defendant, WILLIE EARL SKIPPER, was questioned by Sergeant Hensley and Sergeant Lockhart, of the Apopka Police Department, as to details of the accident. At that time the Defendant, WILLIE EARL SKIPPER, was asked to consent to the taking of a blood sample to determine his blood alcohol level. The Defendant, WILLIE EARL SKIPPER, gave his consent, and he was also groggy and incoherent during this period of time.

*LAW REVIEWED*

Florida Statutes 316.066

*State v. Coffey*, 212 So.2d 632 (Fla. 1968)

*State v. Edge*, 397 So.2d 939 (Fla. 5th DCA 1981)

*Barrentine v. Makely*, 406 So.2d 1237 (Fla. 2d DCA 1981)

*Cooper v. State*, 183 So.2d 269 (Fla. 1st DCA 1966)

*Hollingshead v. State*, 292 So.2d 617 (Fla. 1st DCA 1974)

*Joins v. State*, 287 So.2d 742 (Fla. 1st DCA 1974)

*Schmerber v. California*, 384 U.S. 757 (1966)

*FINDINGS OF FACT*

The accident report privilege pertains to any statements made by parties to the accident for the sole purpose of completing the accident report. In the event the accident warrants a criminal investigation, a clear distinction must be made between the "accident investigation" and the "criminal investigation". In the case at bar no clear distinction is made, therefore no determination can be made regarding the issue of the purpose for which the blood sample was taken, i.e.: whether the sample was taken in order to complete an accident report or to begin a criminal investigation.

The Defendant, WILLIE EARL SKIPPER, has the burden of proof of showing the transition from accident investigation to criminal investigation. In the instant case there was no jury trial and the only evidence offered in support of the Defendant was the deposition of the two investigating officers. This deposition testimony is vague on the area of transition. In light of this vagueness, the Defendant has not

44

sustained his burden of proof. This Court finds the trial court did not err in denying the Defendant's Motion to Suppress Blood Test Results and that the blood test results are admissible under Florida Statute 316.066. The physical condition of the Defendant, WILLIE EARL SKIPPER, begs the question of whether or not the consent is required and whether or not Florida Statute 316.066 is applicable.

The issue raised by the State that the July 1, 1982, Amendment to Florida Statute 316.066 applies to the case at bar was not addressed by the trial court in its Order. This Court finds that this change is a substantive law change and not a procedural or remedial, therefore, it is not an issue in

AFFIRMED.

No Petition for rehearing shall be entertained. The Clerk is directed to issue Mandate forthwith.