GOSHORN, Chief Judge.
Willie C. Grant raises numerous issues in this appeal of the trial court’s summary denial of Grant’s Rule 3.850 motion for post-conviction relief. We find that the only issue meriting discussion is Grant’s claim that his sentence for armed robbery is illegal because he was not eligible for habitual violent offender status. Grant alleges the prior conviction used to enhance his sentence did not qualify under the habitual offender statute.
Section 775.084(2), Florida Statutes (1991) provides that “the placing of a person on probation without an adjudication of guilt shall be treated as a prior conviction if the subsequent offense for which he is to be sentenced was committed during such probationary period.” Grant claims that the prior felony used for his enhancement was an aggravated assault for which adjudication was withheld and that he was placed on probation which was successfully completed four years prior to the offense for which he received the enhanced sentence. Since Grant was allegedly not on probation at the time of the new offenses, he argues that the assault could not be used as a prior conviction. Furthermore, Grant alleges that none of his other prior convictions are for crimes listed among those necessary to find him a habitual violent felony offender. See § 775.084(l)(b), Fla.Stat. (1991).
For the purposes of this appeal, we must presume that the facts alleged in defendant’s motion are true, absent any records refuting the claims. See Harich v. State, 484 So.2d 1239 (Fla.1986). Although it is true that procedural errors in habitual offender sentencing must be raised on appeal and are barred from consideration in a Rule 3.850 proceeding, Lazarus v. State, 412 So.2d 54 (Fla. 5th DCA 1982), a habitual offender sentence applied to an unqualified defendant constitutes an illegal sentence which exceeds the statutory limits and may be challenged in a Rule 3.850 motion even if not raised on appeal. See Debose v. State, 580 So.2d 638 (Fla. 5th DCA 1991).
Accordingly, we reverse the order denying Grant’s motion for post-conviction relief and remand the cause with instructions for the trial court to attach records to refute Grant’s claims or alternatively, to hold an evidentiary hearing.
REVERSED and REMANDED with instructions.
HARRIS and DIAMANTIS, JJ., concur.