684 So.2d 850 (1996)
Thomas PRINCE, Appellant,
v.
STATE of Florida, Appellee.
No. 96-03665.
District Court of Appeal of Florida, Second District.
December 11, 1996.
BLUE, Acting Chief Judge.
Thomas Prince timely appeals the denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Because the record attachments fail to refute Prince's claim that he did not qualify for a habitual offender sentence in circuit court case number 95-5215, we reverse on this issue.
In case 95-5215, Prince was sentenced as a habitual offender. Among other grounds, Prince alleged in his motion that he did not qualify for habitual offender status because he did not have sequential convictions. The trial court denied relief and referred to the attached convictions for circuit court cases 90-15962, 90-15963 and 91-534. It appears from the record that Prince entered his guilty pleas and was sentenced in all three cases on the same date. In its order denying relief on this ground, the trial court relied on the number of convictions and did not discuss whether the convictions were sequential.
This issue is properly raised in a motion under rule 3.850. See Grant v. State, 611 So.2d 110 (Fla. 5th DCA 1992) (allowing defendant to raise postconviction relief claim regarding whether he qualified for habitual offender sentence). Section 775.084(5), Florida Statutes (1993), requires sequential convictions to qualify for habitual offender sentencing. Ford v. State, 652 So.2d 1236 (Fla. 1st DCA 1995). This requirement became effective June 17, 1993. Therefore, if the offenses in case 95-5215 were committed after June 17, 1993, sequential convictions would be required for habitual offender sentencing.
Because the record attachments do not refute Prince's claim on this point, we reverse. On remand, the trial court should re-examine the files and records in this case to determine whether Prince is entitled to relief on this ground. If it again summarily *851 denies the motion, the trial court must attach those parts of the record that conclusively refute the claim. In all other respects, we affirm.
Reversed and remanded in part; affirmed in part.
FULMER and QUINCE, JJ., concur.