PER CURIAM.
Kevin Williams appeals the trial court’s denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm in part, reverse in part, and remand for further proceedings.
Williams attacks his conviction on four grounds alleging ineffective assistance of *1132 trial counsel. We affirm without discussion the trial court’s disposition on three of the grounds. We reverse because the trial court failed to refute Williams’ claim that his counsel was ineffective for not presenting evidence of Williams’ prior record that would have shown that he did not meet the criteria for habitual felony offender sentencing. If Williams’ assertion is true, he has a viable ineffective assistance of counsel claim because he has been prejudiced by his counsel’s failure to show the court that he did not meet the criteria for being sentenced as a habitual felony offender. SeePrince v. State, 684 So.2d 850 (Fla. 2d DCA 1996). We reverse and remand with directions to reconsider the issue and either attach those portions of the record that conclusively refute Williams’ allegation or, if the record does not conclusively refute this allegation, conduct an evidentia-ry hearing on this issue.
Affirmed in part, reversed in part, and remanded for further proceedings.
PATTERSON, A.C.J., and NORTHCUTT and CASANUEVA, JJ., Concur.