DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

LUIS MORALES-ALAFFITA,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

No. 2D22-1653
_____

December 20, 2023

Appeal from the Circuit Court for Manatee County; Frederick P. Mercurio, Judge.

Howard L. Dimmig, II, Public Defender, and Terrence E. Kehoe, Special Assistant Public Defender, Bartow, for Appellant.

Ashley Moody, Attorney General, Tallahassee, and Cerese Crawford Taylor, Assistant Attorney General, Tampa, for Appellee.

SILBERMAN, Judge.

After a jury trial, Luis Morales-Alaffita appeals his judgment and sentences after being found guilty of sexual battery by a person eighteen years of age or older upon a child less than twelve years of age in violation of section 794.011(2)(a), Florida Statutes (2020), a capital felony, and of lewd or lascivious molestation of a child under the age of twelve in violation of section 800.04(5)(b), Florida Statutes (2020), a life felony. He was sentenced to two concurrent life sentences. We affirm

Morales-Alaffita's judgment and sentences but write to address his argument that he was entitled to a twelve-person jury.

Prior to trial, Morales-Alaffita filed a motion arguing that he was entitled to have his case heard by a twelve-person jury because his charges included one capital felony. The trial court denied his motion, and a jury of six heard the case. Morales-Alaffita raises this same argument on appeal.

Pursuant to section 913.10, Florida Statutes (2022), all capital cases shall be tried by twelve-person juries, and all other criminal cases shall be tried by six-person juries. "Florida law permits, and perhaps even requires, a six-person jury in all felony cases for which death is not a possible penalty."[1] *Gonzalez v. State*, 982 So. 2d 77, 81 (Fla. 2d DCA 2008). While the crime of sexual battery upon a child "is labelled a 'capital felony,' it is not a 'capital case' under section 913.10." *Phillips v. State*, 316 So. 3d 779, 786 (Fla. 1st DCA 2021). Indeed, the Florida Supreme Court has held that "[b]ecause the death penalty is no longer possible for crimes charged under subsection 794.011(2), a twelve-person jury is not required when a person is tried under that statute." *State v. Hogan*, 451 So. 2d 844, 845-46 (Fla. 1984).

In *Guzman v. State*, 350 So. 3d 72, 73 (Fla. 4th DCA 2022), *rev. denied*, No. SC2022-1597, 2023 WL 3830251 (Fla. June 6, 2023), *petition for cert. filed*, No. 23-5173 (July 17, 2023), the Fourth District

---

[1] We recognize that section 794.011 was recently amended, effective October 1, 2023, to allow for death as a possible penalty. *See* ch. 2023-25, §§ 1, 6, Laws of Fla. However, pursuant to article X, section 9, of the Florida Constitution, "the punishment in effect at the time of the crime controls the penalty at sentencing." *State v. Reininger*, 254 So. 3d 996, 999 (Fla. 4th DCA 2018) (quoting *State v. Pizarro*, 383 So. 2d 762, 763 (Fla. 4th DCA 1980)). Thus, our analysis relies upon the 2020 version of section 794.011(2)(a).

concluded that a six-person jury was constitutional in a case where a defendant was convicted of three counts of sexual battery on a child under twelve years old and three counts of lewd or lascivious molestation on a child under twelve years old.[2]  Guzman argued that his convictions by a six-person jury violated the Sixth and Fourteenth Amendments to the United States Constitution.  *Id.*  The court addressed his argument while noting that Guzman had not raised this issue in the trial court.  *Id.*  Recognizing that six-person juries were determined to be constitutionally permissible in *Williams v. Florida*, 399 U.S. 78, 90 (1970), the Fourth District noted that the United States Supreme Court has not revisited that express holding.  *Id.*  The court observed that the Supreme Court "does not normally overturn . . . earlier authority *sub silentio*."  *Id.* (alteration in original) (quoting *Shalala v. Ill. Council on Long Term Care, Inc.*, 529 U.S. 1, 18 (2000)).

The Fourth District determined that it could not "conclude the Supreme Court silently changed a fundamental feature of its Sixth Amendment jurisprudence."  *Id.* (quoting *Arizona v. Khorrami*, No. 1 CA-CR 20-0088, 2021 WL 3197499, at *8 (Ariz. Ct. App. July 29, 2021), *cert. denied*, 143 S. Ct. 22 (Nov. 7, 2022)).  The court acknowledged that it "ha[d] 'no authority to overrule the precedent from the United States Supreme Court that endorsed the use of a jury with only six members as constitutional.' "  *Id.* (quoting *Gonzalez*, 982 So. 2d at 78).  As a result, the court affirmed the defendant's convictions and sentences.  *Id.*

At the time the crimes were committed here, the sexual battery of a child under twelve years of age was not punishable by death.  We are

---

[2] In his reply brief, Morales-Alaffita conceded that the Florida Supreme Court denied review of *Guzman*, "likely end[ing] this issue in Florida state courts until the United States Supreme Court confronts it again."

bound to follow the existing precedent of the Florida Supreme Court, and as the courts reiterated in both *Guzman* and *Gonzalez,* we have no authority to overrule United States Supreme Court precedent. *See Gonzalez*, 982 So. 2d at 78; *Guzman*, 350 So. 3d at 73. The trial court correctly denied Morales-Alaffita's motion for a twelve-person jury, and we affirm his judgment and sentences.

Affirmed.

MORRIS and BLACK, JJ., Concur.

_____

Opinion subject to revision prior to official publication.

4