595 So.2d 22 (1992)
STATE of Florida, Petitioner,
v.
Anthony T. BARNES, Respondent.
No. 77751.
Supreme Court of Florida.
February 20, 1992.
Rehearing Denied March 25, 1992.
Robert A. Butterworth, Atty. Gen., and Bradley R. Bischoff, Asst. Atty. Gen., Tallahassee, for petitioner.
Nancy A. Daniels, Public Defender, and Michael J. Minerva and Kathleen Stover, Asst. Public Defenders, Tallahassee, for respondent.
OVERTON, Judge.
The State of Florida petitions this Court to review Barnes v. State, 576 So.2d 758 (Fla. 1st DCA 1991), in which the First District Court of Appeal vacated Barnes' sentence as a habitual felony offender. The district court certified the following question as being of great public importance:
WHETHER SECTION 775.084(1)(a)1, FLORIDA STATUTES (SUPP. 1988), WHICH DEFINES HABITUAL FELONY OFFENDERS AS THOSE WHO HAVE "PREVIOUSLY BEEN CONVICTED OF TWO OR MORE FELONIES," REQUIRES THAT EACH OF THE FELONIES BE COMMITTED AFTER CONVICTION FOR THE IMMEDIATELY PREVIOUS OFFENSE.
Id. at 762.[1] We answer the question in the negative and quash the decision of the district court.
The relevant facts reflect that Barnes committed two felonies in two separate incidents in September of 1987. Although they were charged separately, Barnes pleaded to both offenses on the same day and was subsequently sentenced for both offenses at one sentencing hearing.
Barnes was then found guilty of battery and grand auto theft for offenses which he committed on May 28, 1989. The State filed notice of its intent to have Barnes sentenced as a habitual felony offender based on the two previous felonies for which he was sentenced in 1987. The prosecutor sought to sentence Barnes as a habitual offender under section 775.084(1)(a)(b), Florida Statutes (Supp. 1988), which provides:
(1) As used in this act:
(a) "Habitual felony offender" means a defendant for whom the court may impose an extended term of imprisonment, as provided in this section, if it finds that:

*23 1. The defendant has previously been convicted of two or more felonies in this state;

2. The felony for which the defendant is to be sentenced was committed within 5 years of the date of the conviction of the last prior felony or other qualified offense of which he was convicted, or within 5 years of the defendant's release, on parole or otherwise, from a prison sentence or other commitment imposed as a result of a prior conviction for a felony or other qualified offense, whichever is later;
3. The defendant has not received a pardon for any felony or other qualified offense that is necessary for the operation of this section; and
4. A conviction of a felony or other qualified offense necessary to the operation of this section has not been set aside in any post-conviction proceeding.
(b) "Habitual violent felony offender" means a defendant for whom the court may impose an extended term of imprisonment, as provided in this section, if it finds that:
1. The defendant has previously been convicted of a felony or an attempt or conspiracy to commit a felony and one or more of such convictions was for:
a. Arson,
b. Sexual battery,
c. Robbery,
d. Kidnapping,
e. Aggravated child abuse,
f. Aggravated assault,
g. Murder,
h. Manslaughter,
i. Unlawful throwing, placing, or discharging of a destructive device or bomb, or
j. Armed burglary.
(Emphasis added.)
The district court reversed Barnes' sentence as a habitual felony offender, concluding that sequential convictions were still necessary for a defendant to meet the definition of a habitual felony offender under section 775.084(1)(a)1, as adopted in 1988. The sequential conviction requirement was first adopted by this Court as a necessary prerequisite for the imposition of a habitual offender sentence under our decision in Joyner v. State, 158 Fla. 806, 30 So.2d 304 (1947). As explained in that decision, sequential conviction means that the second conviction of a defendant had to be for an offense committed after the first conviction. The pertinent portion of the statutes in effect at the time of the Joyner decision read as follows:
775.09 Punishment for second conviction of felony.  A person who, after having been convicted within this state of a felony or an attempt to commit a felony, or under the laws of any other state, government or country, of a crime which, if committed within this state would be a felony, commits any felony within this state is punishable upon conviction of such second offense as follows: If the subsequent felony is such that upon a first conviction the offender would be punishable by imprisonment for any term less than his natural life then such person must be sentenced to imprisonment for a term no less than the longest term nor more than twice the longest term prescribed upon a first conviction.
775.10 Punishment for fourth conviction of felony.  A person who, after having been three times convicted within this state of felonies or attempts to commit felonies, or under the law of any other state, government or country of crimes which, if committed within this state, would be felonious, commits a felony within this state shall be sentenced upon conviction of such fourth or subsequent offense to imprisonment in the state prison for the term of his natural life. A person to be punishable under this and the preceding section need not have been indicted and convicted as a previous offender in order to receive the increased punishment therein provided, but may be proceeded against as provided in the following section.
§§ 775.09 & 10, Fla. Stat. (1947) (emphasis added). As stated in Joyner:
To constitute a second or a fourth conviction within the purview of Sec. 775.09 or Sec. 775.10, supra, the information or *24 indictment must allege and the evidence must show that the offense charged in each information subsequent to the first was committed and the conviction therefor was had after the date of the then last preceding conviction. In other words, the second conviction must be alleged and proved to have been for the crime committed after the first conviction. The third conviction must be alleged and proved to have been for a crime committed after both the first and second convictions, and the fourth conviction must be alleged and proved to have been for a crime committed after each of the preceding three convictions.
158 Fla. at 809, 30 So.2d at 306. This holding was in accordance with then-existing legal theory that explained the justification for a habitual sentence. See R.P. Davis, Annotation, Chronological or Procedural Sequence of Former Convictions as Affecting Enhancement of Penalty for Subsequent Offense under Habitual Criminal Statutes, 24 A.L.R.2d 1247 (1952). This reasoning, in justifying the imposition of the habitual offender statute, is based on the philosophy that an individual who has been convicted of one offense and who, with knowledge of that conviction, subsequently commits another offense, has rejected his or her opportunity to reform and should be sentenced as a habitual offender.
The district court, in quashing the habitual sentence in this instance, stated that "the purpose behind Florida's habitual offender provision had been to protect society from those criminals who persisted in crime after having been given opportunities to reform... . [T]he sequential conviction requirement is a means of insuring that defendants have the chance to reform... ." Barnes, 576 So.2d at 761.
The district court noted that "sequential convictions are not required by the plain meaning of section 775.084(1)(a)1, Florida Statutes (Supp. 1988)." Id. at 762. Irrespective of that finding, the district court determined that "because the sequential conviction requirement is necessary to carry out the purpose and intent of the habitual offender statute, we hold that habitualization must be supported by sequential convictions in the 1988 version of the statute." Id.
While we agree that the underlying philosophy of a habitual offender statute may be better served by a sequential conviction requirement, we agree with the district court that the current statute is clear and unambiguous and contains no sequential conviction requirement. Under these circumstances, this Court has no authority to change the plain meaning of a statute where the legislature has unambiguously expressed its intent. Graham v. State, 472 So.2d 464 (Fla. 1985); Jenny v. State, 447 So.2d 1351 (Fla. 1984); Carson v. Miller, 370 So.2d 10 (Fla. 1979); State v. Egan, 287 So.2d 1 (Fla. 1973).
We note that this construction of the statute, in accordance with its plain meaning, may cause many more defendants to be sentenced as habitual offenders, resulting in longer prison terms, and thus may have a substantial effect on the prison population. The sequential conviction requirement provides a basic, underlying reasonable justification for the imposition of the habitual sentence, and we suggest that the legislature reexamine this area of the law to assure that the present statute carries out its intent and purpose.[2]
For the reasons expressed, we answer the question in the negative, quash the decision of the district court, and remand this cause with directions that the trial court's order sentencing Barnes as a habitual offender be affirmed.
It is so ordered.
SHAW, C.J. and McDONALD, GRIMES and HARDING, JJ., concur.
KOGAN, J., concurs specially with an opinion, in which BARKETT, J., concurs.
*25 KOGAN, Judge, specially concurring.
I concur with the rationale and result reached by the majority, but only because this particular defendant's felonies arose from two separate incidents. Were this not the case, I would not concur. I do not believe the legislature intended that a defendant be habitualized for separate crimes arising from a single incident, and I do not read the majority as so holding today. Under Florida's complex and overlapping criminal statutes, virtually any felony offense can give rise to multiple charges, depending only on the prosecutor's creativity. Thus, virtually every offense could be habitualized and enhanced accordingly. If this is what the legislature intended, it simply would have enhanced the penalties for all crimes rather than resorting to a "back-door" method of increasing prison sentences.
BARKETT, J., concurs.
NOTES
[1] We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
[2] We note that the Florida Sentencing Guidelines Commission has recommended that section 775.084, Florida Statutes, be repealed. Fla. Sentencing Guidelines Comm'n, A Proposal to Revise the Statewide Sentencing Guidelines (Jan. 1, 1992) (on file with Clerk, Fla.Sup.Ct.).