596 So.2d 1275 (1992)
Joe Lewis MITCHELL, Appellant,
v.
STATE of Florida, Appellee.
No. 91-1447.
District Court of Appeal of Florida, First District.
April 24, 1992.
Nancy A. Daniels, Public Defender, and P. Douglas Brinkmeyer, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Bradley A. Bischoff, Asst. Atty. Gen., for appellee.
*1276 JOANOS, Chief Judge.
This appeal is taken from the imposition of habitual felony offender sentencing, after a jury found appellant guilty of the felony offense of auto theft, and the misdemeanor offense of theft of an auto tag. Appellant contends the trial court erred in imposing habitual felony offender sentencing based on three prior felony convictions which occurred on the same date, and in imposing an habitual offender sentence for the misdemeanor. The state maintains the habitual felony offender sentencing was proper, but concedes error with respect to the sentence imposed for the petit theft conviction. We affirm in part, and reverse in part.
Appellant's contention regarding the propriety of his habitual felony offender sentence was decided adversely to his position by the supreme court's decision in State v. Barnes, 595 So.2d 22 (1992). In Barnes, in response to this court's certified question, the court ruled that sequential convictions are not a prerequisite for habitual felony offender sentencing under section 775.084(1)(a)1, Florida Statutes (Supp. 1988). While agreeing that "the underlying philosophy of a habitual offender statute may be better served by a sequential conviction requirement," the court concluded it had no authority to change the plain meaning of the statute where the legislature expressed its intent in unambiguous terms. 595 So.2d at 24.
In view of the supreme court's resolution of the sequential conviction requirement for habitual felony offender sentencing, appellant's 1984 convictions provide the proper predicate for the ten-year habitual offender sentence imposed upon the auto theft conviction. However, the 1988 rewrite of the habitual offender statute eliminated the provisions for enhanced sentences for habitual misdemeanants. See Ch. 88-131, § 6, Laws of Fla.; DuBose v. State, 585 So.2d 1198 (Fla. 1st DCA 1991); Peterson v. State, 576 So.2d 1385 (Fla. 4th DCA 1991). In its present form, section 775.084 applies only to habitual felony offenders and habitual violent felony offenders. Therefore, the two-year sentence for the petit theft conviction must be reversed.
Accordingly, the ten-year sentence imposed pursuant to the habitual felony offender statute is affirmed, but the two-year sentence imposed for the petit theft conviction is reversed and remanded for resentencing.
ALLEN and WEBSTER, JJ., concur.