OPINION ON MANDATE
WIGGINTON, Judge.
In his original appeal to this court, appellant raised the following two issues: (1) *225 whether the requirement of the habitual offender statute for two prior felony convictions was satisfied when both of appellant’s convictions occurred on the same date; and (2) whether the 1989 habitual offender statute is constitutional. In Razz v. State, 576 So.2d 901 (Fla. 1st DCA 1991), we reversed the first issue and certified the question to the supreme court, and thereby did not reach the second issue. The supreme court has now quashed our decision and remanded for further proceedings consistent with State v. Barnes, 595 So.2d 22 (Fla.1992). See State v. Razz, 595 So.2d 950 (Fla.1992).
Based on Barnes, wherein the supreme court held that sequential prior convictions were not required for habitual felony offender sentencing under section 775.084, Florida Statutes (Supp.1988), and conforming to the supreme court’s decision in State v. Razz, we vacate and set aside our previous opinion to the extent that it reversed the habitual felony offender sentence imposed on appellant.
As to the second issue raised by appellant, presenting the constitutional challenge to section 775.084, Florida Statutes (1989), we adhere to previous decisions upholding that version of the statute against similar broad challenges. See e.g., Wagner v. State, 578 So.2d 56 (Fla. 1st DCA 1991); Steiner v. State, 573 So.2d 1014 (Fla. 1st DCA 1991). Cf. Love v. State, 569 So.2d 807 (Fla. 1st DCA 1990); Barber v. State, 564 So.2d 1169 (Fla. 1st DCA), rev. denied, 576 So.2d 284 (Fla.1990).
Consistent, with the supreme court’s mandate, and this court’s decision herein, appellant’s habitual felony offender sentence is hereby AFFIRMED.
SMITH, J., and WENTWORTH, Senior Judge, concur.