601 So.2d 549 (1992)
STATE of Florida, Petitioner,
v.
Robert ARNDT, Respondent.
No. 79311.
Supreme Court of Florida.
July 2, 1992.
*550 Robert A. Butterworth, Atty. Gen. and Bradley R. Bischoff, Asst. Atty. Gen., Tallahassee, for petitioner.
Nancy A. Daniels, Public Defender and P. Douglas Brinkmeyer, Asst. Public Defender, Tallahassee, for respondent.
PER CURIAM.
We review Arndt v. State, 600 So.2d 1131 (Fla. 1st DCA 1992), in which the district court reversed Arndt's habitual offender sentence and remanded for resentencing based on its decision in Barnes v. State, 576 So.2d 758 (Fla. 1st DCA 1991), quashed, 595 So.2d 22 (Fla. 1992). As it did in Barnes, the district court certified the following question as being of great public importance:
WHETHER SECTION 775.084(1)(a)(1), FLORIDA STATUTES (SUPP. 1988), WHICH DEFINES HABITUAL FELONY OFFENDERS AS THOSE WHO HAVE "PREVIOUSLY BEEN CONVICTED OF TWO OR MORE FELONIES," REQUIRES THAT EACH OF THE FELONIES BE COMMITTED AFTER CONVICTION FOR THE IMMEDIATELY PREVIOUS OFFENSE?
600 So.2d at 1131. We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
In State v. Barnes, 595 So.2d 22 (Fla. 1992), we recently answered the question in the negative. Accordingly, on the authority of Barnes, we quash the decision under review and remand for further proceedings consistent with our decision in that case.
It is so ordered.
BARKETT, C.J., and OVERTON, McDONALD, SHAW, GRIMES, KOGAN and HARDING, JJ., concur.