GRIFFIN, Judge.
Appellant seeks review of the denial of his motion filed pursuant to Florida Rule of Criminal Procedure 3.800 to correct an illegal sentence. The only issue raised in the motion that was not raised in appellant’s prior appeal[1] is the question whether appellant’s record of prior convictions qualified him for sentencing as a habitual offender.
At appellant’s sentencing, the evidence of prior convictions adduced by the state showed that in 1987 he had been convicted of a drug offense in Alabama Federal Court. Additionally, he had been convicted in 1987 on two counts of commission of a lewd or lascivious act in the presence of a child under the age of fourteen. It does appear from the, sentencing transcript and *642 from the order of the trial court denying the rule 3.800 motion that the Alabama conviction was used by the court to make the habitual offender finding. The state now concedes that under the controlling statute, section 775.084(l)(a)l, Florida Statutes (1988 Supp.), the appellant’s out-of-state conviction could not be used. The trial court’s order denying appellant’s 3.800 motion was thus incorrect in this respect.
The state argues that because appellant also had convictions for two Florida offenses, the habitual offender finding was nevertheless correct. In his pro se brief, the appellant anticipated the state’s position. He argued that because his “lewd and lascivious” convictions occurred on the same date, they were not “sequential,” as required by Florida case law and, thus, would not support a habitual offender finding. Appellant was correct that, at the time he filed his brief, the intermediate appellate courts of Florida had held that sequential convictions were required to support a habitual offender finding. During the pendency of this appeal, however, those cases were superseded by the decision of the Florida Supreme Court in State v. Barnes, 595 So.2d 22 (Fla.1992). In response to that event, appellant, through his subsequently retained counsel, urges that, because appellant’s convictions arose out of a “single episode” (the photographing of two underage girls), the rationale of the specially concurring opinion in Barnes should apply and preclude habitual offender status in this case. Apart from the fact that the rationale of the majority opinion in Barnes appears inconsistent with the appellant’s position, the record does not disclose whether the appellant’s convictions arose out of a single incident.
Accordingly, we affirm the lower court’s denial of appellant’s rule 3.800 motion.
AFFIRMED.
COBB and PETERSON, JJ., concur.

. The judgment and sentence were affirmed by this court in the prior appeal and, in any event, we find these other issues are either without merit or are not supported by the record.