605 So.2d 498 (1992)
James Allen PERKOWSKI, Appellant,
v.
STATE of Florida, Appellee.
No. 91-3208.
District Court of Appeal of Florida, Fourth District.
September 2, 1992.
*499 Richard L. Jorandby, Public Defender, and Louis G. Carres, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Melvina Racey Flaherty, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
We affirm appellant's sentence as a habitual offender but reverse as to the mandatory minimum provisions in the sentence.
Perkowski was tried for crimes committed in December, 1988 and was convicted of those crimes in September, 1991. In 1990, he was convicted of several other felonies in Pennsylvania. Appellant argued at sentencing that the court could not use those offenses as a basis upon which to find that he is a habitual violent felony offender because they were committed after the date he committed the crimes for which he was being sentenced. The trial court determined that the date appellant committed the offenses was irrelevant under the present statute, and that appellant could be convicted as a habitual violent felony offender so long as there were the requisite prior convictions.
Appellant asserts that the trial court erred in sentencing him as a habitual violent felony offender under Florida Statute Section 775.084(1)(b), since he could not have been convicted as a habitual felony offender under section 775.084(1)(a). Appellant could not have been convicted as a habitual felony offender under (1)(a) because a prerequisite to such status is that the required convictions under (1)(a), prior to its amendment in 1989, must have been committed in Florida. § 775.084(1)(a)1, Fla. Stat. (1988).[1]
Florida Statute Section 775.084 (1988) provided:
(1) As used in this act:
(a) "Habitual felony offender" means a defendant for whom the court may impose an extended term of imprisonment, as provided in this section, if it finds that:
1. The defendant has previously been convicted of two or more felonies in this state; (emphasis added)... .
(b) "Habitual violent felony offender" means a defendant for whom the court may impose an extended term of imprisonment, as provided in this section, if it finds that:
1. The defendant has previously been convicted of a felony or an attempt or conspiracy to commit a felony and one or more of such convictions was for: ... [listed offenses].
*500 No statutory provision or case supports appellant's contention that a defendant must meet all of the criteria for the classification as a habitual felony offender under subsection (a) before he can be classified as a habitual violent felony offender under subsection (b).
A more difficult issue concerns the relative dates on which the crimes were committed. Under earlier habitual offender provisions, sections 775.09, 775.10, Florida Statutes (1947), in order to be sentenced as a habitual felony offender, the conviction for which the defendant was being sentenced had to be for an offense committed after a prior conviction. See Joyner v. State, 158 Fla. 806, 30 So.2d 304 (1947). However, the Florida Supreme Court has held that the plain language of the 1988 habitual felony offender statute, no longer requires sequential convictions. State v. Barnes, 595 So.2d 22 (Fla. 1992). Therefore, a defendant convicted of a crime can be sentenced as a habitual offender under the 1988 statute, even if he committed the offense for which he is being sentenced before the prior conviction serving as the basis of the habitualization. Id.
The state correctly points out that the language of the habitual violent felony offender statute requires only that the trial court find that the defendant was "convicted" of the prior offense before his sentencing as a habitual offender. § 775.084(1)(b)1, Fla. Stat. (1988). The statute does not specify a prerequisite that a defendant commit the offense forming the basis of his habitual violent felony offender status prior to committing the offense for which he is being sentenced. We note that the question addressed involves only an issue of statutory interpretation.
Carrying the Barnes reasoning a step further, we conclude that under the present wording of the statute the defendant can be sentenced as a habitual offender even if he committed the present offense before the crime serving as a basis for the present habitualization. Therefore, the trial court did not err in sentencing the appellant as a violent habitual felony offender. Notwithstanding the foregoing, we recognize that Barnes is factually inapposite in that it did not address circumstances in which the prior predicate crime was committed after the subject offense. Therefore, we certify the following question to the supreme court:
IS HABITUAL OFFENDER CLASSIFICATION PERMITTED WHERE THE PREDICATE OFFENSE FOR WHICH APPELLANT WAS PREVIOUSLY CONVICTED OCCURRED SUBSEQUENT TO THE COMMISSION OF THE SUBJECT OFFENSE?
The trial court did, however, err in imposing consecutive mandatory sentences under the habitual offender act. In Daniels v. State, 595 So.2d 952 (Fla. 1992), the Florida Supreme Court held that a trial court may not impose consecutive mandatory minimum sentences under section 775.084, when the offenses arose from the same criminal incident. Therefore, we vacate appellant's sentence and remand for resentencing.
STONE, WARNER and POLEN, JJ., concur.
NOTES
[1] In 1989, the act was amended extending the classification to offenders with prior convictions in other states. However, the statute as so amended is inapplicable here.