PER CURIAM.
Appellant’s convictions for aggravated assault and shooting into an occupied vehicle are affirmed. Because the state introduced competent, substantial evidence on each element of the offenses charged, the trial judge correctly denied appellant’s motion for judgment of acquittal on each count. Dual convictions for aggravated assault and shooting into an occupied vehicle are authorized by section 775.021(4), Florida Statutes (1991). Price v. State, 577 So.2d 682 (Fla. 1st DCA 1991), quashed on other grounds, 595 So.2d 951 (Fla.1992).[1]
AFFIRMED.
ERVIN, SMITH and BARFIELD, JJ., concur.

. In addition to addressing the issue of the validity of dual convictions for aggravated assault and shooting into an occupied vehicle, the panel in Price v. State, 577 So.2d 682 (Fla. 1st DCA 1991), certified as a question of great public importance whether section 775.084(l)(a)l, Florida Statutes (1989), the habitual offender statute, required that each of the felonies be committed after conviction for the immediately previous offense. This was the same question previously certified to the supreme court in Barnes v. State, 576 So.2d 758 (Fla. 1st DCA 1991). The supreme court accepted jurisdiction and issued a cursory decision quashing this court's decision in Price on the authority of its decision in State v. Barnes, 595 So.2d 22 (Fla.1992). The supreme court did not specifically address the issue of the validity of dual convictions for the two offenses at issue pursuant to section 775.021(4), Florida Statutes. The validity of dual convictions for aggravated assault and shooting into an occupied vehicle was not an issue in Barnes.