620 So.2d 1028 (1993)
Richard RANKIN, Appellant,
v.
STATE of Florida, Appellee.
No. 91-03682.
District Court of Appeal of Florida, Second District.
May 21, 1993.
Rehearing Denied May 21, 1993.
*1029 James Marion Moorman, Public Defender, and Deborah K. Brueckheimer, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Dell H. Edwards, Asst. Atty. Gen., Tampa, for appellee.

ON MOTION FOR REHEARING
PER CURIAM.
Appellant Richard Earl Rankin was declared to be and sentenced as a habitual felony offender. In so doing the trial court applied section 775.084(1)(a), Florida Statutes (1989), which permitted enhancement of the sentence upon proof the defendant "has previously been convicted of any combination of two or more felonies in this state or other qualified offenses." Rankin admits to one prior felony conviction from Florida and one from California, the latter satisfying the statutory definition of "qualified offense." § 775.084(1)(c), Fla. Stat. (1989).
Rankin now argues that he has been sentenced under a version of the habitual offender statute that was enacted in violation of the "single subject" rule. Art. III, § 6, Fla. Const. At the time this appeal initially was decided, our court had rejected the "single subject" argument. State v. Sheppard, 612 So.2d 584 (Fla. 2d DCA 1992), quashed, 616 So.2d 990 (Fla. 1993). Accordingly, we affirmed on the authority of Sheppard. However, before Rankin's appeal became final the supreme court issued its decision in State v. Johnson, 616 So.2d 1 (Fla. 1993), which holds contrary to Sheppard.
Since it is undisputed that Rankin was sentenced under the version of the statute invalidated by Johnson, we must determine whether he was disadvantaged by the application of that statute. If not  that is, if the same sentence could have been imposed under the prior version of the statute  resentencing is not required. Burton v. State, 616 So.2d 7 (Fla. 1993); Miffin v. State, 615 So.2d 745 (Fla. 2d DCA 1993).
The legislature twice amended section 775.084 in the last decade. Prior to October 1, 1988, a "habitual felony offender" was defined as someone with either one prior Florida felony conviction or convictions for two first degree misdemeanors or other "qualified offense[s]." § 775.084(1)(a)1, Fla. Stat. (1987). "Qualified offenses" included out-of-state convictions provided they were punishable by at least one year in prison or were "equivalent in penalty to a misdemeanor of the first degree." § 775.084(1)(c). Rankin, with at least one prior felony conviction from Florida, would have qualified for enhanced sentencing under this version of the statute; his California conviction would have been immaterial, although standing alone it would not have justified the habitualization.
Chapter 88-131, § 6, Laws of Florida, enacted significant changes in the statute.[1] For purposes of the present appeal, in defining "habitual felony offender" the legislature deleted the definitional criterion involving prior misdemeanors and/or "qualified offenses," and required two prior Florida felony convictions rather than one. Curiously, the term "qualified offense" continued to appear throughout the amended statute apart from this one deletion. The change is material to Rankin's case. Because his California conviction apparently cannot be taken into account, Rankin does not qualify as a habitual offender under this version of the statute if he has but one prior Florida conviction. See Swinson v. State, 588 So.2d 296 (Fla. 5th DCA 1991); Parrish v. State, 571 So.2d 97 (Fla. 1st DCA 1990).
Additional revisions were made by the 1989 legislature, effective October 1, 1989. Ch. 89-280, § 1, Laws of Fla. The concept of "qualified offense" was expanded to include convictions from the District of Columbia, *1030 American territories, and foreign countries. Furthermore, "qualified offenses" once again became relevant since the amended statute redefined "habitual felony offender." Now an enhanced sentence could be imposed if the defendant "has previously been convicted of any combination of two or more felonies in this state or other qualified offenses" [emphasis ours]. We interpret this to allow habitualization upon proof of one Florida felony plus one out-of-state "qualified offense."
Thus, Rankin's prior record was sufficient under the 1989 amendment. However, this revision of section 775.084 was coupled with enactments relating to the repossession of motor vehicles, which the supreme court in Johnson deemed "a very separate and distinct subject[]." 616 So.2d at 4. The revised law remained invalid until the legislature's biennial reenactment of all existing statutes, or until May 2, 1991. Those defendants whose offenses occurred within the "window period" (including Rankin) are entitled to resentencing if a different sentence would have been called for under the version in place before Chapter 89-280.[2]
As noted, the applicable version of the statute requires us to disregard Rankin's out-of-state conviction. Resentencing is necessary if, as he alleges, Rankin has but one prior conviction from this state. Reviewing the record, which contains court documents from that case, we find, not one but two separate convictions for "threatening a public servant," a violation of section 838.021(3)(b), Florida Statutes (1987). The information alleges that Rankin, in a telephone call to a television news reporter, unlawfully threatened harm to the Lee County Sheriff and a county judge. Both crimes occurred on the same date and, Rankin asserts, during a "single episode." Relying on Justice Kogan's concurring opinion in State v. Barnes, 595 So.2d 22, 25 (Fla. 1992), Rankin argues that "the two counts ... only constitute one prior for purposes of habitualization."
Barnes answered a question of great public importance certified by the First District at 576 So.2d 758 (Fla. 1st DCA 1991): whether the two prior convictions required for habitualization must occur sequentially. Barnes committed two felonies in separate incidents, but pled and was sentenced to both at one time. Justice Overton, writing for the majority, observed that "the underlying philosophy of a habitual offender statute may be better served by a sequential conviction requirement," but agreed that the "clear and unambiguous" wording of the 1988 statute contained no such requirement. 595 So.2d at 24. Barnes does not address Rankin's "single transaction" argument, but in a separate opinion Justice Kogan offered the following comments:
I concur with the rationale and result reached by the majority, but only because this particular defendant's felonies arose from two separate incidents. Were this not the case, I would not concur. I do not believe the legislature intended that a defendant be habitualized for separate crimes arising from a single incident, and I do not read the majority as so holding today. Under Florida's complex and overlapping criminal statutes, virtually any felony offense can give rise to multiple charges, depending only on the prosecutor's creativity. Thus, virtually every offense could be habitualized and enhanced accordingly. If this is what the legislature intended, it simply would have enhanced the penalties for all crimes rather than resorting to a "back-door" method of increasing prison sentences.
595 So.2d at 25.
In Marshall v. State, 596 So.2d 114 (Fla. 2d DCA 1992), we sustained a habitual offender sentence on the authority of Barnes, noting that the defendant's crimes had occurred on different dates though sentenced simultaneously. However, we did not explicitly foreclose the possibility that two predicate felonies could occur, as well as be punished, simultaneously. The "single episode" issue was first addressed *1031 in Cartwright v. State, 602 So.2d 641 (Fla. 5th DCA), rev. denied, 613 So.2d 2 (Fla. 1992). There the court denied relief in part because the record was inadequate to substantiate the defendant's factual assertions, but also noted that "the majority opinion in Barnes appears inconsistent with the appellant's position." 602 So.2d at 642.
The present case suffers from the same record problems as Cartwright: it is not conclusively demonstrated whether the threats made by Rankin occurred during a single telephone call or in separate calls. Furthermore, we agree with the statement in Cartwright that the appellant's position is not supported by the majority opinion in Barnes. Accordingly, we cannot say that the trial court lacked the statutory authority to sentence Rankin as a habitual offender. We therefore affirm both the judgment and sentence.
Rehearing denied.[3]
RYDER, A.C.J., and DANAHY and THREADGILL, JJ., concur.
NOTES
[1] In addition to the changes discussed herein, the amendments abolished the concept of "habitual misdemeanants," eliminated a requirement that the sentencing court specifically find the enhanced sentence "is necessary for the protection of the public," created a new class of "habitual violent felony offenders," and provided that habitual offender sentences fall wholly outside sentencing guidelines.
[2] This is so because when an amendment to a statute is declared unconstitutional, the statute as it existed prior to amendment remains effective. Henderson v. Antonacci, 62 So.2d 5 (Fla. 1952).
[3] In King v. State, 597 So.2d 309 (Fla. 2d DCA), rev. denied, 602 So.2d 942 (Fla. 1992), we held that imposition of an extended term is a matter within the trial court's discretion, and is not mandatory simply because a defendant satisfies the statutory criteria. See also Burdick v. State, 594 So.2d 267 (Fla. 1992). Because the trial court was unaware that it could not take Rankin's California conviction into account when determining that Rankin should be subjected to an enhanced penalty, our decision is without prejudice to Rankin to petition the trial court for reconsideration of the sentence, pursuant to Florida Rule of Criminal Procedure 3.800(b). Cf. Graham v. State, 608 So.2d 123 (Fla. 2d DCA 1992).