625 So.2d 1326 (1993)
Frank Edward COOPER, Appellant,
v.
STATE of Florida, Appellee.
No. 92-3220.
District Court of Appeal of Florida, First District.
November 8, 1993.
Nancy A. Daniels, Public Defender, and Abel Gomez, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Michelle A. Konig, Asst. Atty. Gen., Tallahassee, for appellee.
BARFIELD, Judge.
Frank Edward Cooper was sentenced as an habitual felony offender pursuant to section 775.084(1)(a), Florida Statutes (1991), on the basis of two prior felony convictions for separate crimes arising from a single incident in 1989. We affirm the sentence on the authority of State v. Barnes, 595 So.2d 22 (Fla. 1992). In affirming we reject appellant's argument that the rationale of Justice Kogan's concurring opinion in Barnes should be applied in the instance where the prior convictions arose from a single incident. That rationale was not adopted by the majority in Barnes and is not a logical extension of the Barnes majority opinion.
AFFIRMED.
ALLEN, J., concurs.
ZEHMER, C.J., dissents, with written opinion.
*1327 ZEHMER, Chief Judge (dissenting).
It is undisputed that the two prior felonies relied on in sentencing Appellant as a habitual felony offender occurred during the course of a single incident. In State v. Barnes, 595 So.2d 22 (Fla. 1992), the court's opinion expressly set forth as a material fact that "Barnes committed two felonies in two separate incidents. ..." Unless this fact was essential to the court's decision in that case, it should not, and no doubt would not, have been set forth in the opinion. In my view, because Cooper's two felony offenses relied on for the habitual felony offender sentence occurred in the same incident, the majority opinion misapplies Barnes and errs in holding that Barnes requires approval of the habitual offender sentence in this case. I would construe section 775.084(1) as requiring two separate incidents, so that absent two separate incidents giving rise to the two felony convictions being relied on, the requirements of section 775.084(a)(1) are not satisfied.[1] Accordingly, I would reverse and remand for resentencing in accordance with the sentencing guidelines.
NOTES
[1] It is perhaps noteworthy that the supreme court's construction of section 775.084(1) in Barnes eliminating the requirement of two sequential convictions and sentences was contrary to legislative intent, since the legislature amended that section at its next session by adding new subsection (5) to provide that:

In order to be counted as a prior felony for purposes of sentencing under this section, the felony must have resulted in a conviction sentenced separately prior to the current offense and sentenced separately from any other felony conviction that is to be counted as a prior felony.
s. 2, ch. 93-406, Laws of Fla.