PER CURIAM.
Glen Smith appeals the denial of his motion to correct sentence. We reverse.
Smith was sentenced as a habitual offender for offenses occurring in April, 1990. Section 775.084, Fla.Stat. (1989). He now alleges that the habitual offender enhancement was based solely on two out-of-state felony convictions. The 1989 habitual offender statute, which was applied to this case, permitted enhancement under these facts. However, this version of the statute was invalidated by the supreme court as having been enacted in violation of constitutional “single subject” provisions. State v. Johnson, 616 So.2d 1 (Fla.1993). Accordingly, the habitual offender sentence is lawful only if authorized by the previous version of the statute, enacted in 1988. See Henderson v. Antonacci, 62 So.2d 5 (Fla.1952).
We examined the 1988 statutory revisions in Rankin v. State, 620 So.2d 1028, (Fla. 2d DCA 1993), and found no authority therein for habitual offender sentencing based on out-of-state convictions. Thus, if Smith’s factual assertions are true, his sentence is illegal. Judge v. State, 596 So.2d 73, 78 (Fla. 2d DCA 1992). It is immaterial that this sentence appears to have been the product of a plea agreement; one cannot negotiate or agree to an unlawful sentence. Williams v. State, 500 So.2d 501 (Fla.1986).
After remand the trial court should reexamine the files and records in this case to determine whether anything therein conclusively demonstrates that Smith’s sentence does not violate our holding in Rankin. If so, the court may again deny the motion, attaching to its order whatever documentation it has relied upon. Otherwise, the sentence must be corrected to delete the habitual offender enhancement.
Reversed.
RYDER, A.C.J., and PARKER and PATTERSON, JJ., concur.