PER CURIAM.
John Edward Smith appeals the trial court’s denial of a motion to correct illegal sentence that he filed pursuant to Florida Rule of Criminal Procedure 3.800(a). We reverse because the trial court failed to attach to its order those portions of the record conclusively refuting Smith’s allegation that he was illegally sentenced as a habitual felony offender.
Smith claims that a prior felony used to enhance his sentence fell outside the time parameters of section 775.084(l)(a)2., Florida Statutes (1991). If true, he would be entitled to relief. See Smith v. State, 631 So.2d 1135 (Fla. 2d DCA 1994). The state filed a response that agreed with Smith’s claim as to this particular offense, but asserted, without supporting documentation, that Smith’s habitual offender sentence was based on two other felonies that did satisfy the time requirements of the statute. Although the trial court’s order referenced an examination of the record, the order did not contain any attachments supporting the state’s position. Smith pointed-out this deficiency in a motion for rehearing that the trial court also denied.
Accordingly, we reverse and remand for further proceedings. If the trial court should again deny the motion, it must attach those portions of the record that conclusively refute Smith’s allegation that he was illegally sentenced as a habitual felony offender. Pams v. State, 629 So.2d 323 (Fla. 2d DCA 1993). Any party aggrieved by the subsequent action of the trial court must file a timely notice of appeal to obtain further appellate review.
HALL, A.C.J., and THREADGILL and LAZZARA, JJ., concur.