PER CURIAM.
Appellant appeals the denial by the trial court of his motion under Rule 3.800, Florida Rules of Criminal Procedure, and seeks reversal of his habitual violent felony offender sentence and resentencing under the guidelines on the authority of State v. Johnson, 616 So.2d 1 (Fla.1993). While it is true that the use of a prior aggravated battery conviction for habitual offender sentencing was erroneous under Johnson, we find that the trial court nevertheless could have imposed the same sentence given appellant’s other prior conviction for aimed burglary.[1] See, Rankin v. State, 620 So.2d 1028 (Fla. 2d DCA 1993). Since armed burglary is a permissible prior offense for a habitual violent felony offender sentence under Johnson, appellant’s sentence is not illegal, and, therefore, the trial court did not err in denying appellant’s 3.800 motion.
BOOTH, LAWRENCE and VAN NORTWICK, JJ., concur.

. We have been able to examine appellant's prior record by reference to attachments made by appellant to his Initial Brief. We reject appellant's assertion that his prior record does not include a qualifying offense for habitual violent offender sentencing because the judgment of conviction indicates otherwise.