652 So.2d 1236 (1995)
Robert Lee FORD, Appellant,
v.
STATE of Florida, Appellee.
No. 94-1588.
District Court of Appeal of Florida, First District.
April 6, 1995.
Nancy A. Daniels, Public Defender, P. Douglas Brinkmeyer, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., Edward C. Hill, Asst. Atty. Gen., Tallahassee, for appellee.
WOLF, Judge.
Ford appeals from a final judgment and sentence adjudicating appellant guilty of one count of robbery and imposing a sentence as a habitual offender. The issue presented is whether the trial court erred in finding appellant to be a habitual offender where all of his prior convictions were entered on the same date. We find that the sentence was imposed in violation of section 775.084(5), Florida Statutes (1993).
The appellant was convicted by a jury of a robbery which occurred on September 2, 1993. Before trial, the state filed a notice of its intent to seek habitual offender status, and at sentencing the state introduced, without objection, three prior convictions which were all entered on September 8, 1992: Case no. 92-93-CF for aggravated assault with a deadly weapon; case no. 92-153-CF for burglary of a structure; case no. 88-189-CF for two counts of possession of a controlled substance. Certified copies of those convictions were submitted to the court and marked as state exhibits. No other convictions were presented. The prosecution stated that although the defendant had other felony convictions, they had occurred more than five years ago. The appellant was sentenced as a habitual offender to 20 years in prison followed by five years' probation.
On appeal, the appellant argues that prior to the date of the crime for which he was convicted, the Legislature altered the habitual offender statute to require prior convictions to be entered on different days. The appellant, therefore, argues that he did not qualify as a habitual offender since the prior convictions presented to the court here to support the habitual offender status were all entered on the same date. In response, the state relies on State v. Barnes, 595 So.2d 22 (Fla. 1992), and argues that the habitual offender statute does not require sequential convictions to support habitual offender status. *1237 The state acknowledges that the Legislature has modified the holding of Barnes and that the effective date of the changes made to the statute is prior to the crime committed by the appellant, but nevertheless argues that the amendment to the habitual offender statute does not require reversal in this case.
In State v. Barnes, 595 So.2d 22 (Fla. 1992), the supreme court held that the habitual offender statute did not require sequential convictions. In Barnes, however, the court wrote that the requirement of sequential convictions had formerly served as an important justification for a habitual sentence, and the court suggested that the Legislature reexamine the statute. In response (presumably in reaction to Barnes), the habitual offender statute was amended in 1993 to make it clear that sequential convictions are necessary. Ch. 93-406, § 2, Laws of Fla. That statutory amendment was effective June 17, 1993. The amendment reads as follows:
In order to be counted as a prior felony for purposes of sentencing under this section, the felony must have resulted in a conviction sentenced separately prior to the current offense and sentenced separately from any other felony conviction that is to be counted as a prior felony.

§ 775.084(5), Fla. Stat. (1993) (emphasis added). Because the effective date of the statutory amendment precedes the September 2, 1993, crime for which the appellant was convicted in the instant case, the amendment applies.
We, therefore, vacate the habitual offender sentence and remand for resentencing.
ERVIN and MINER, JJ., concur.