657 So.2d 39 (1995)
Thomas WATERS, Appellant,
v.
STATE of Florida, Appellee.
No. 94-3743.
District Court of Appeal of Florida, First District.
June 23, 1995.
Thomas Waters, pro se.
No appearance for appellee.
PER CURIAM.
In this appeal from the trial court's denial of his motion for post-conviction relief, appellant incorrectly asserted that because he was sentenced after January 1, 1994, he could have affirmatively elected to be sentenced pursuant to the 1994 sentencing guidelines. Appellant also incorrectly asserted that he could not have been sentenced as an habitual felony offender under amended section 775.084, Florida Statutes (1993), because all of his prior convictions were entered on the same day and thus counted as one conviction.
In this case, the crimes for which the challenged habitual offender sentencing was imposed were two violations of section 893.13, Florida Statutes. In addition, the predicate prior convictions offered in support of habitual offender sentencing involved violations of section 893.13, Florida Statutes. However, the instant offenses were committed on March 12, 1993, and April 1, 1993, before the effective date of the statutory amendments, thus the amendments do not apply. See Ford v. State, 652 So.2d 1236 (Fla. 1st DCA 1995). Consequently, appellant does not qualify for the section 893.13 exception provided in subsection (3) of the amended habitual *40 offender statute, as that exception was not in effect when he committed the offenses for which the habitual offender sentences were imposed.
By the same token, prior to the effective date of section 775.084(5), Florida Statutes, and during the time period relevant to this case, the absence of sequential convictions did not preclude habitual offender classification and sentencing. State v. Tito, 616 So.2d 39, 40 (Fla. 1993); State v. Barnes, 595 So.2d 22 (Fla. 1992); Mitchell v. State, 596 So.2d 1275, 1276 (Fla. 1st DCA 1992). Since appellant committed the crimes for which habitual offender sentencing was imposed before the effective date of the amended statute, his reliance on the statutory amendments is unavailing.
Accordingly, we affirm the trial court's order denying post-conviction relief.
BOOTH, JOANOS and VAN NORTWICK, JJ., concur.