PER CURIAM.
Tip Purcell Reed appeals his habitual offender sentence. For the reasons that follow, we affirm the sentence but remand for entry of a modified written sentencing order.
On November 15, 1994, Reed pled no contest to armed robbery, in exchange for no particular sentence, with the understanding that he qualified for habitual offender sentencing. When Reed entered his plea, the assistant state attorney advised that he was going to seek habitual offender sentencing. The sentencing transcript indicates that the state introduced without objection two prior judgments and sentences, an armed robbery conviction in Case No. 88-1005 and a conviction for possession of a firearm by a convicted felon in Case No. 90-2559. Reed conceded that he met the criteria as a habitual offender. Unfortunately, in its oral pronouncement of the sentence, the trial court erroneously recited November 9, 1990 as the date of conviction for the 1988 robbery when, in fact, the 1988 conviction occurred on or about August 19, 1988. November 9, 1990 was the date of revocation of Reed’s probation in Case No. 88-1005. The error was repeated in the written sentencing order, which recites that appellant was convicted of two qualified offenses: armed robbery on November 9, 1990 and possession of a firearm by a convicted felon on November 9, 1990.
Section 775.084(5), Florida Statutes (1998), was amended to require that the predicate offenses for a habitual offender sentence be sequential. Ford v. State, 652 So.2d 1236 (Fla. 1st DCA 1995). Appellant argues that, because on the face of the sentencing order his habitual offender sentence was predicated on offenses which were sentenced on the same date, rather than separately as required by the statute, his habitual offender sentence is illegal. We disagree.
The sentencing transcript, when read in its entirety, clearly indicates the state’s reliance upon appellant’s 1988 and 1990 sequential convictions for purposes of habitual offender sentencing. See McNeil v. State, 588 So.2d 303 (Fla. 1st DCA 1991) (propriety of habitual felony offender sentence determined by transcript of sentencing hearing). In the order, however, the trial court mistakenly referred to November 9, 1990, the date appellant’s probation was revoked in Case No. 88-1005, as the date of conviction for the 1988 offense. Accordingly, the cause is remanded to the trial court with directions that an amended written sentencing order be entered reflecting that the habitual felony offender sentence is predicated on 1988 and 1990 sequential convictions.
WOLF, BENTON and VAN NORTWICK, JJ., concur.