PER CURIAM.
Pamela Lee challenges the denial of her postconviction motion which questions the propriety of her classification as a habitual felony offender pursuant to section 775.084(l)(a), Florida Statutes (1989). In her motion she alleges that the two predicate offenses utilized to qualify her both grew out of the same criminal episode. The trial court denied her motion in reliance on State v. Barnes, 595 So.2d 22 (Fla.1992), wherein the Florida Supreme Court interpreted the relevant statute not to require sequential convictions to establish the necessary predicates.[1] In that opinion two concurring justices agreed only because the two convictions under consideration, although not sequential,[2] arose from separate criminal episodes.
Since Barnes this distinction has been visited only once by a district court. In Cooper v. State, 625 So.2d 1326 (Fla. 1st DCA 1993), a divided panel determined that two convictions arising from the same criminal episode provided the necessary predicate to classify an offender as a habitual felon.
We affirm the trial court’s denial of Ms. Lee’s postconviction motion, but feel the question she raises, as it applies to convictions growing out of the same criminal episode, has not been specifically addressed, and is a question of great public importance. Accordingly, we certify the following question to the Florida Supreme Court:
DOES THE HOLDING IN STATE V. BARNES, 595 S0.2D 22 (FLA.1992), ALLOW FOR AN INDIVIDUAL TO BE TREATED AS A HABITUAL FELONY OFFENDER PURSUANT TO SECTION 775.084(1)(A)(1), FLORIDA STATUTES (1989), WHEN BOTH PREDICATE OFFENSES GREW OUT OF THE SAME CRIMINAL EPISODE?
The denial of Ms. Lee’s motion by the trial . court is affirmed.
DANAHY, A.C.J., and PATTERSON and QUINCE, JJ., concur.

. With the addition of section 775.084(5), Florida Statutes (1993), the legislature has substantially resolved questions raised in this appeal and related issues pertinent to predicate offenses as applied after the effective date of that amendment.

. The relevant cases refer to "sequential” convictions as those in which the latter criminal conduct postdates the conviction for the earlier offense. State v. Barnes, 595 So.2d 22 (Fla.1992).