675 So.2d 184 (1996)
Carl BOND, Appellant,
v.
STATE of Florida, Appellee.
No. 94-2912.
District Court of Appeal of Florida, Fifth District.
May 24, 1996.
Rehearing Denied June 17, 1996.
James B. Gibson, Public Defender and S.C. Van Voorhees, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Anthony J. Hall, Assistant Attorney General, Daytona Beach, for Appellee.
PER CURIAM.
Carl D. Bond appeals his resentencing as an habitual offender for two counts of lewd acts in the presence of a child under 16 years of age. He raises two issues on appeal. First, he argues that he was resentenced in derogation of this court's decision. Second, he argues that he should not have been resentenced as an habitual offender because the statute had been amended. We affirm in part and strike in part.
In Bond v. State, 642 So.2d 674 (Fla. 5th DCA 1994), cert. denied, ___ U.S. ___, 115 S.Ct. 1260, 131 L.Ed.2d 140 (1995), Bond appealed his conviction for two counts of *185 lewd acts. We held that although there were several children present at the time the act occurred, there was only one lewd act. We reversed the conviction and sentence as to count one and directed that Bond be discharged as to that count. The trial court was directed to reconsider the sentence as to count two. Upon remand, the trial court stated that it was reimposing a thirty-year habitual felony offender sentence for count two only; however, the court subsequently entered written sentences of thirty-years for counts one and two. The state concedes error. Therefore, we strike the written sentence of thirty-years for count one.
The second issue Bond raises on appeal is that under the amended statute, section 775.084(5), Florida Statutes (1993), in effect on the day of his resentencing, he did not qualify as an habitual offender. He concedes that he did qualify under the older version of the statute. The difference is that the amendment requires sequential convictions and the older version of the statute did not. He argues the enactment of the amendment shows that the legislature originally intended to require a sequential conviction requirement under the old version. This argument is without merit.
The supreme court in State v. Barnes, 595 So.2d 22 (Fla.1992), invited the legislature to address the issue of sequential versus non-sequential conviction requirements. The court determined that the statute was clear and unambiguous and contained no sequential conviction requirement. Id. at 24. The court opined that the legislature was the only entity that could make the change to clearly express its intent. Id. The legislature responded by amending section 775.084 to provide for sequential convictions. The amendment added the following:
In order to be counted as a prior felony for purposes of sentencing under this section, the felony must have resulted in a conviction sentenced separately prior to the current offense and sentenced separately from any other felony conviction that is to be counted as a prior felony.
§ 775.084(5), Fla.Stat. (1993); Ch. 93-406, § 2, Laws of Florida. The amendment became effective 17 June 1993 and Bond was resentenced on 6 December 1994. The amendment does not provide for retroactive application, therefore, it is to be applied prospectively. In the absence of clear legislative expression to the contrary, "it is presumed that provisions added by an amendment affecting existing rights are intended to operate prospectively...." State v. Lavazzoli, 434 So.2d 321, 323 (Fla.1983). Thus, Bond was properly sentenced pursuant to the habitual offender statute in effect at the time he committed the crime. State v. Smith, 547 So.2d 613, 616 (Fla.1989) (quoting Heath v. State, 532 So.2d 9, 10 (Fla. 1st DCA 1988), review denied, 541 So.2d 1173 (Fla.1989)). Accordingly, we affirm the sentence imposed on count two and strike the sentence imposed for count one.
AFFIRMED in part; STRICKEN in part.
PETERSON, C.J., and W. SHARP and THOMPSON, JJ., concur.