693 So.2d 64 (1997)
Wayne MANCINI, Appellant,
v.
STATE of Florida, Appellee.
No. 96-3612.
District Court of Appeal of Florida, Fourth District.
April 9, 1997.
Rehearing and Clarification Denied May 21, 1997.
Sheryl J. Lowenthal, Coral Gables, for appellant.
No appearance required for appellee.
PER CURIAM.
Appellant moved for post-conviction relief arguing that he should not have been *65 classified as a habitual offender under section 775.084(1)(a), Florida Statutes (1989) because the two prior qualifying convictions were entered on the same day and should have been counted as a single incident. The two prior convictions were the result of burglaries of two different houses which occurred on the same day, and thus the convictions did not arise out of one criminal episode. This case is controlled by State v. Barnes, 595 So.2d 22 (Fla.1992), in which the supreme court held that the statute did not require the predicate convictions to be sequential. See also Lee v. State, 685 So.2d 1319 (Fla. 2d DCA 1996); Cooper v. State, 625 So.2d 1326 (Fla. 1st DCA 1993).
Although the legislature amended the habitual offender statute after Barnes to require that prior convictions be sequential, that amendment is prospective only. § 775.084(5), Fla. Stat (1993); Ch. 93-406, § 2, Laws of Florida (effective 6/17/93). Bond v. State, 675 So.2d 184 (Fla. 5th DCA), rev. denied, 684 So.2d 1350 (Fla.1996).
We have considered the other grounds of appellant's 3.850 motion and find them to be without merit. Affirmed.
FARMER, KLEIN and PARIENTE, JJ., concur.