[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
November 18, 2005
THOMAS K. KAHN
CLERK

No. 05-10733
Non-Argument Calendar

_____

D. C. Docket No. 04-00993-CV-J-99MMH

CARL D. BOND,

Petitioner-Appellant,

versus

SECRETARY, DEPARTMENT OF CORRECTIONS,
FLORIDA ATTORNEY GENERAL,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(November 18, 2005)

Before ANDERSON, BLACK and CARNES, Circuit Judges.

PER CURIAM:

Carl D. Bond, a Florida prisoner, has petitioned the federal courts for habeas relief, pursuant to 28 U.S.C. § 2254. The district court denied the petition. We granted a certificate of appealability on one issue: "Whether the state court's determination that [Bond] was an habitual felony offender, pursuant to the Florida Supreme Court's decision in State v. Barnes, 595 So. 2d 22 (Fla. 1992), violated his constitutional rights? See Bouie v. City of Columbia, 378 U.S. 347, 84 S. Ct. 1697 12 L.Ed.2d 894 (1964)."

We review de novo a denial of habeas relief. Byrd v. Hasty, 142 F.3d 1395, 1396 (11th Cir. 1998). The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 govern this appeal. "Under AEDPA, a person in custody pursuant to the judgment of a state court shall not be granted habeas relief unless the state court's decision was (1) 'contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States; or (2) . . . was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" McNair v. Campbell, 416 F.3d 1291, 1297 (11th Cir. 2005) (quoting 28 U.S.C. § 2254(d)).

During 1985 and 1986, Bond was arrested three times for felony drug crimes. On a single day in 1986 Bond was found guilty of all three drug felonies and sentenced. Then in 1991 two girls saw Bond masturbating in a public

2

restroom in a park, and Bond was charged with two counts of lewd and lascivious conduct in the presence of minor children. A jury convicted him, and a judge sentenced him to 30 years imprisonment as an habitual felony offender. One count was vacated on direct appeal and, upon remand, the court again sentenced Bond to 30 years imprisonment as an habitual felony offender.

In 1988, prior to Bond's lewd and lascivious conduct, the Florida legislature had rewritten its habitual offender statute to provide that a criminal defendant may be sentenced as an habitual offender if, among other things, "the defendant has previously been convicted of two or more felonies in this state." Fla. Stat. § 775.084(1)(a)(1) (1988).[1]

In 1992, after Bond committed his crime and before he was sentenced, the Florida Supreme Court interpreted the 1988 version of § 775.084 in State v. Barnes, 595 So. 2d 22 (Fla. 1992). Barnes held that the plain language of the statute did not require that the two prior convictions which made the offender eligible for habitual felony offender status be committed sequentially. Id. at 24 ("[W]e agree with the district court that the current statute is clear and

---

[1] In 1989 the Florida legislature amended the 1988 statute to provide that a criminal defendant may be sentenced as an habitual offender if, among other things, "the defendant has previously been convicted of any combination of two or more felonies in this state or other qualified offenses." Fla. Stat. § 775.084(1)(a)(1) (1989). No party contends that the 1989 amendment is relevant to our analysis here, though the 1989 version of the statute was applied in determining that Bond was an habitual felony offender. (The parties agree that under Florida law Bond was to be sentenced under the law in effect at the time of the charged offense—in 1991—rather than at the time of sentencing.)

unambiguous and contains no sequential conviction requirement."). In other words, under the 1988 version of Florida's habitual felony offender statute, the second conviction need not be for an offense committed after the first conviction; the offenses could be committed simultaneously.

Bond's argument is that he was unconstitutionally sentenced as an habitual felony offender in violation of his due process rights when the sentencing court applied the 1992 decision in Barnes retroactively to the crime he committed in 1991. Bond submits that Barnes, in ruling that the applicable habitual felony offender statute did not require that the prior convictions be sequential, unexpectedly and indefensibly overturned 45 years of jurisprudence.

"[A] criminal statute must give fair warning of the conduct that it makes a crime." Bouie v. City of Columbia, 378 U.S. 347, 350, 84 S. Ct. 1697, 1701 (1964). "Deprivation of the right of fair warning can result not only from vague statutory language but also from an unforeseeable and retroactive judicial expansion of narrow and precise statutory language." Id. at 352, 84 S. Ct. at 1702. "[A]n unforeseeable judicial enlargement of a criminal statute, applied retroactively" is a violation of the Due Process Clause. Id. at 353–54, 84 S. Ct. at 1702–03.

We assume, without deciding, that the principles enunciated in Bouie apply

to increases in the punishment for an offense.  Cf. Metheny v. Hammonds, 216 F.3d 1307, 1312 n.13 (11th Cir. 2000) ("We assume, without deciding, that the due process limitation applies in this case.  But we see that the circuits are not unanimous in this conclusion.").  Nonetheless, Bond cannot prevail.

Barnes, in interpreting a relatively new statute for the first time, did not change the law.  Instead, it applied basic principles of statutory interpretation in their normal and expected manner to determine that a clear and unambiguous statute meant what it clearly and unambiguously said.  Barnes was foreseeable and defensible based on the changed language of the 1988 habitual felony offender statute.

Moreover, that the lower Florida courts had misconstrued the 1988 version of the habitual felony offender to require sequential convictions is of no moment. "'That courts have rendered decisions later deemed erroneous by higher authority does not entitle criminal defendants to the benefit of those mistakes.  Bouie applies only to unpredictable shifts in the law, not to the resolution of uncertainty that marks any evolving legal system.'" United States v. Burnom, 27 F.3d 283, 284–85 (7th Cir. 1994) quoted in United States v. McQueen,  86 F.3d 180, 184 (11th Cir. 1996).

**AFFIRMED.**