WARNER, J.
Appellant, James Perkowski, appeals a final order reimposing his sentence based upon his 1991 convictions for two counts of armed kidnapping, two counts of robbery with a firearm, and one count of armed burglary. The 1991 convictions arose from crimes committed in December 1988. He raises three issues which include a challenge to his habitual violent felony offender sentence, a claim that the trial court erroneously denied jail credit for time he spent in prison out of state, and a score-sheet error based on the inclusion of points for convictions of crimes committed after these offenses. We reverse only as to the seoresheet error.
First, Perkowski claims that his habitual violent felony offender sentence was illegal. However, he raised this issue on direct appeal, and this court affirmed. See Perkowski v. State, 605 So.2d 498 (Fla. 4th DCA 1992), approved, 616 So.2d 26 (Fla.1993). Thus, the law of the case governs. See State v. McBride, 848 So.2d 287 (Fla.2003). Perkowski also claims that Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) and Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), render his habitual sentence unconstitutional. We need not address this claim, however, as these cases do not apply retroactively. See Thomas v. State, 914 So.2d 27 (Fla. 4th DCA 2005).
Second, he contends he is entitled to credit for time spent in custody in Pennsylvania after he was first sentenced for the offenses. We disagree. Section 921.161(1), Florida Statutes (1987), provides:
*838 A sentence of imprisonment shall not begin to run before the date it is imposed, but the court imposing a sentence shall allow a defendant credit for all of the time he spent in the county jail before sentence. The credit must be for a specified period of time and shall be provided for in the sentence.
Our supreme court has held that the term “county jail” in the statute is applicable only to Florida jails and was not intended by the legislature to apply to various places of incarceration in other jurisdictions. Kronz v. State, 462 So.2d 450, 451 (Fla.1985). When a prisoner is incarcerated in another state on charges unrelated to a Florida charge, that prisoner is not entitled to credit for time served in the other state. See Hopping v. State, 650 So.2d 1087 (Fla. 3d DCA 1995).
Finally, we agree with appellant that the court erred when it sentenced appellant based on a scoresheet which included offenses committed after the offenses in this case were committed. Florida Rule of Criminal Procedure 3.701(d)(5) was adopted by the Florida Legislature when it enacted section 921.0015, Florida Statutes (1987). Rule 3.701(d)(5) defines “prior record” as “any past criminal conduct on the part of the offender, resulting in conviction, prior to the commission of the primary offense.”[1] It is clear based on the plain language of the rule that a sentencing court may not score as a prior conviction an offense which was committed after the primary offense. See Banks v. State, 575 So.2d 755, 755 (Fla. 3d DCA 1991) (“[T]he state correctly concedes that the trial court improperly scored as a prior conviction an offense which was committed after the primary offense.”). Here, the trial court scored, as prior record, appellant’s 1990 convictions for offenses appellant committed in Pennsylvania after committing the offenses in the present case. Although the subsequent offenses could be used for habitualization purposes under the statute in effect at the time of his 1988 offenses, see Perkowski, 605 So.2d at 500, they cannot be included in the scoresheet calculation. We thus reverse appellant’s sentence on counts I and II, and remand with directions to impose a sentence based upon a corrected scoresheet without points from convictions for offenses occurring after the offenses in this case.
Affirmed in part, reversed in part and remanded with directions.
KLEIN and HAZOURI, JJ., concur.

. The 1988 definition of "prior record” in rule 3.701 is identical to the current definition.