981 So.2d 582 (2008)
Anthony J. COKLEY, Appellant,
v.
STATE of Florida, Appellee.
No. 5D07-4328.
District Court of Appeal of Florida, Fifth District.
May 9, 2008.
Anthony J. Cokley, Carrabelle, pro se.
No Appearance for Appellee.
PER CURIAM.
Anthony J. Cokley appeals from the denial of his fifth Rule 3.800(a) motion to correct illegal sentence, challenging his designation as a habitual felony offender at sentencing in Marion County, Fifth Judicial Circuit Court case no. 89-209-CF, more than eighteen years ago. In the order on appeal, the trial court thoroughly addressed Cokley's arguments, correctly concluding that Cokley "clearly qualified for habitual felony offender status." After reviewing Cokley's filings on appeal, and determining they are completely without merit,[1] we issued a Spencer[2] show cause order directing Cokley to demonstrate "why he should not be denied further pro se access to this Court for any proceeding *583 to further attack the convictions and sentences rendered below" in this case. Having carefully considered Cokley's response, we conclude that he is abusing the judicial process and should be barred from further pro se filings.
Therefore, in order to conserve judicial resources, we prohibit Anthony J. Cokley from filing with this Court any further pro se pleadings concerning Marion County, Fifth Judicial Circuit Court case no. 89-209-CF. The Clerk of this Court is directed not to accept any further pro se filings concerning this case. Any further pleadings regarding this case will be summarily rejected by the Clerk, unless they are filed by a member in good standing of The Florida Bar. See Isley v. State, 652 So.2d 409, 410 (Fla. 5th DCA 1995) ("Enough is enough.") The Clerk is further directed to forward a certified copy of this opinion to the appropriate institution for consideration of disciplinary procedures. See § 944.279(1), Fla. Stat. (2007); Simpkins v. State, 909 So.2d 427, 428 (Fla. 5th DCA 2005).
AFFIRMED; future pro se filings PROHIBITED; certified opinion FORWARDED to Department of Corrections.
GRIFFIN, TORPY and LAWSON, JJ., concur.
NOTES
[1] Cokley argues that he was improperly sentenced under the 1989 version of section 775.084, Florida Statutes, which did not require sequential prior felony convictions for habitualization, instead of the 1988 version of the statute, which was held to require sequential prior felony convictions in Barnes v. State, 576 So.2d 758 (Fla. 1st DCA 1991) (en banc), decision quashed, 595 So.2d 22 (Fla. 1992), and Debose v. State, 580 So.2d 638 (Fla. 5th DCA 1991). Cokley's argument is frivolous for two reasons. First, in Barnes the Florida Supreme Court ruled that sequential convictions were not required for habitualization under the 1988 version of section 775.084, Florida Statutes, expressly overruling the First District's contrary decision in Barnes, and effectively overruling our contrary holding in Debose. 595 So.2d at 24. Second, Cokley had multiple prior sequential felony convictions when he committed the crimes at issue here. Therefore, he would have qualified for habitualization even if the applicable statute had required sequential prior qualifying felony convictions.
[2] State v. Spencer, 751 So.2d 47 (Fla. 1999).