HALL, Judge.
The appellant, Troy Williams, challenges his judgments and sentences for kidnapping, sexual battery, and forgery. Though Williams raises two issues on appeal, we find merit only in his contention that he was improperly classified as a habitual offender. We, therefore, reverse and remand on that issue alone.
*677 Citing State v. Johnson, 616 So.2d 1 (Fla.1993), and Rankin v. State, 620 So.2d 1028 (Fla. 2d DCA 1993), Williams contends he was improperly habitualized under an unconstitutional version of the habitual offender statute, i.e., section '775.084(1)(b)(1), Florida Statutes (1989), which permitted habitualization based on out-of-state felony convictions. Since Williams’ habitualization here was based on two prior Michigan felonies, he argues he should not have been habitualized and that this case should now be remanded for resentencing.
In Rankin v. State, this court found that if the same sentence could have been imposed under the prior, constitutional version of the statute, resentencing would not be required despite the fact a defendant may have been sentenced under the unconstitutional version of the statute during the relevant window period. In the instant case, the prior constitutional version of the statute, section 775.-084, Florida Statutes (1988), required two prior Florida felony convictions to classify a criminal defendant as a habitual offender.
The instant record shows that Williams was habitualized based on two prior Michigan felonies. Since such would not have qualified Williams as a habitual offender under the 1988 statute, this case must be remanded for resentencing. Cf. Burton v. State, 616 So.2d 7 (Fla.1993) (wherein a habitual offender sentence imposed under the unconstitutional version of the statute was affirmed because “none of the prior conviction categories under which [the defendant] was habitualized were altered by the amendments to section 775.084 ...”).
Accordingly, the instant case is reversed and remanded for resentencing. The cause, however, is affirmed in all other respects.
DANAHY, A.C.J., and CAMPBELL, J., concur.