PER CURIAM.
This is the second appeal in this case. In the first appeal we remanded for a sentence within the guidelines because of an error in imposing a habitual offender sentence for the appellant’s convictions. Williams v. State, 630 So.2d 676 (Fla. 2d DCA 1994). Upon remand the trial court imposed a sentence within the guidelines permitted range but which was a greater number of years than the original habitualized sentence. The appellant contends this resentencing to a guidelines permitted sentence violated North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). We disagree because it is clear from the transcript from the resen-tencing upon remand that the prosecutor and the court were trying to adjust the new guidelines sentence so as to give effect to the original plea bargain in this case. We find no trace of judicial vindictiveness which is the evil proscribed by North Carolina v. Pearce.
We dp agree with the appellant, and as the state properly concedes, that the sentences imposed for his forgery convictions are beyond the statutory maximum for that degree of crime.
We affirm the sentences for kidnapping and sexual battery but reverse the portion of the sentencing order dealing with the three counts of forgery and remand for resentenc-ing of those three counts only.
DANAHY, A.C.J., and THREADGILL and QUINCE, JJ., concur.