ANTOON, Judge.
Antoine McBride appeals the summary denial of his 3.800 motion to correct sentence which was filed in accordance with the Florida Rules of Criminal Procedure. The defendant maintains that he was improperly sentenced as an habitual offender, arguing that he had only one prior felony conviction. The defendant has improperly calculated his prior record, and, thus, the trial court properly concluded that the defendant met the criteria for sentencing as an habitual offender. Accordingly, we affirm.
On December 3, 1990, the defendant was sentenced to fifteen years in the Department of Corrections as an habitual offender for the offense of possession of cocaine with intent to sell,[1] following his plea of guilty. On December 17, 1990, defendant was sentenced to thirty years in the Department of Corrections for the offenses of attempted first degree murder with a firearm,[2] possession of a firearm by a convicted felon,[3] and robbery with a firearm.[4] He had entered a plea of nolo contendere to these charges.
Even though his plea agreements contemplated habitual offender sentencing, the defendant now challenges his sentences, arguing that he was not eligible for habitual offender status because, at the time of the December 3, 1990 sentencing, he had only one prior felony conviction. The record before us clearly refutes this argument. In this regard, the attachments to the trial court’s order denying the defendant’s 3.800 motion evidence three prior felony judgments. On July 26, 1990, the defendant was adjudicated guilty of three separate felonies. Convictions for carrying a concealed firearm,[5] a third degree felony, and possession of cocaine with intent to deliver,[6] were charged in the same 1989 information. The third felony conviction was for 1988 aggravated battery with a firearm.[7] Since defendant had three prior felony convictions, he was properly sentenced as an habitual offender. See State v. Watts, 595 So.2d 19 (Fla.1992).
Apparently, forgetting the 1988 aggravated battery conviction, the defendant argues that the trial court improperly considered the two 1989 convictions for purposes of habitualization because they were nonse-quential convictions. See State v. Barnes, 595 So.2d 22, 23 (Fla.1992) (sequential conviction means that the second conviction had to be for an offense committed after the first *331 conviction). This argument is not well-founded because, when the defendant was sentenced in December 1990, the habitual offender statute did not require that the underlying prior felony convictions be sequential.[8] State v. Barnes, 595 So.2d at 24.
AFFIRMED.
PETERSON, C.J., and GRIFFIN, J., concur.

. §§ 893.03(2)(a)4, 893.13(1)(a)1„ Fla.Stat. (1989).

. §§ 782.04(1)(a)1, 777.04(1), 775.087, Fla.Stat. (1989).

. § 790.23, Fla.Stat. (1989).

. § 812.13(2)(a), Fla.Stat. (1989).

. § 790.01(2), Fla.Stat. (1989).

. § 893.13(4)(b), Fla.Stat. (1989).

. § 784.045(1)(b), Fla.Stat. (1987).

. In so ruling, we are mindful that the legislature amended section 775.084 in 1993 adding the requirement of including only sequential prior convictions for purposes of determining habitual-ization. However, as pointed out in Waters v. State, 657 So.2d 39 (Fla. 1st DCA 1995), this amendment must be applied prospectively. The offenses for which the defendant was sentenced in this case were committed prior to June 17, 1995, the amendment’s effective date.