# Third District Court of Appeal

## State of Florida

Opinion filed November 8, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-0759
Lower Tribunal No. 94-30924
_____

**Grady Robinson a/k/a Graddy Robbinson,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami–Dade County, Teresa Pooler, Judge.

Grady Robinson a/k/a Graddy Robbinson, in proper person.

Pamela Jo Bondi, Attorney General, for appellee.

Before LOGUE, SCALES and LUCK, JJ.

PER CURIAM.

Defendant Grady Robinson appeals the trial court's order denying his motion to correct illegal sentence. Robinson contends his habitual felony offender sentence was illegal because he was convicted of only one prior non-sequential

felony. See § 775.084(1)(a), Fla. Stat. (1994) (to qualify as an "habitual felony offender," the defendant must have "been convicted of any combination of two or more felonies in this state or other qualified offenses," "[t]he felony for which the defendant is to be sentenced was committed within 5 years of the date of the conviction of the last prior felony or other qualified offense of which he was convicted," and the "felony for which the defendant is to be sentenced, and one of the two prior felony convictions, is not a violation of § 893.13 relating to the purchase or the possession of a controlled substance").

We affirm for the reasons explained in the trial court's detailed order. At Robinson's 1995 sentencing hearing in this case, the state introduced fourteen certified convictions showing that in the years before this most recent burglary conviction, he had been convicted of, and sentenced for (among other crimes): battery on a law enforcement officer in 1993; false imprisonment and selling controlled substances in 1992; arson in 1992; burglary in 1989; burglary in 1988; another burglary in 1988; burglary in 1987; and burglary and grand theft in 1985. These certified convictions attached to the trial court's order conclusively refute Robinson's claim that he was illegally sentenced as an habitual felony offender. See McBride v. State, 665 So. 2d 329, 330 (Fla. 5th DCA 1995) ("[T]he defendant now challenges his sentences, arguing that he was not eligible for habitual offender status because, at the time of the December 3, 1990 sentencing, he had only one

2

prior felony conviction. The record before us clearly refutes this argument. In this regard, the attachments to the trial court's order denying the defendant's 3.800 motion evidence three prior felony judgments. . . . Since defendant had three prior felony convictions, he was properly sentenced as an habitual offender.").

Affirmed.